ELLEN FEELEY *vs.* CITY OF MELROSE.

MARGARET E. STEVENS *vs.* SAME.

WALTER L. SHEPARD COMPANY *vs.* SAME.

Middlesex.    January 24, 1910. — February 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Way*, Defect in highway.   *Automobile.   Negligence.   Practice, Civil*, Exceptions, Actions tried together, Verdict.   *Evidence*, Presumptions and burden of proof.

No action can be maintained against a city for injuries received, while being driven in an automobile, by reason of a defect in a highway of the defendant, if the negligence of the driver of the automobile contributed to the accident, regardless of the relation of the plaintiff to the driver and of any question of imputed negligence ; because in such a case the defect in the way could not be found to be the sole cause of the injury, which under our decisions is necessary for a recovery under the highway act.   The same rule applies to an action by the owner of the automobile for injury to his property.

In an action against a city for personal injuries received, while the plaintiff was being driven in an automobile, by reason of a defect in a highway of the defendant, an exception to a refusal of the presiding judge, to rule that the plaintiff could not recover if the driver of the automobile was not in the exercise of due care, will not be sustained although the ruling asked for was correct, if the refusal has been made immaterial by a verdict of the jury for the plaintiff in another action brought by the owner of the automobile and tried at the same time, which under the instructions given establishes the fact that the driver of the automobile was not negligent.

In an action against a city for personal injuries received, while the plaintiff was
being driven in an automobile, by reason of a defect in a highway of the defend-
ant, a refusal of the presiding judge, to rule that if a defect in the automobile
contributed to the accident the plaintiff could not recover, will not be sustained
although the ruling asked for was correct, if the refusal has been made imma-
terial by a verdict of the jury for the plaintiff in another action brought by the
owner of the automobile and tried at the same time, which under the instructions
given establishes the fact that a defect in the automobile did not contribute to
the accident.

A person who is being driven upon a highway in an automobile which is not regis-
tered as required by law is not a traveller lawfully upon the way within the
meaning of the highway act, and if he is injured by reason of a defect in the
highway he cannot recover from the city or town maintaining it.

Under St. 1903, c. 473, § 1, as amended by St. 1905, c. 311, § 2, and St. 1906, c. 412,
§ 8, the registration of an automobile expires upon a transfer of ownership, and
an automobile which after such a transfer bears the number of its former regis-
tration and no other, cannot be lawfully upon a highway.

In actions against a city, for personal injuries received by reason of a defect in a
highway of the defendant while the plaintiff was being driven thereon in an
automobile, and by the owner of the automobile for injury to his property,
where the defense relied upon is that the automobile was not registered and
numbered as required by law and therefore was upon the highway unlawfully,
the burden of proving this fact is upon the defendant; but, if the defendant
introduces evidence that the automobile was duly registered by a former owner,
that this registration had expired about three months before the accident, and
that the car still bore the number of the old registration, and the plaintiffs, of
whom one is the owner, put in no evidence of any later registration, it cannot
be said as matter of law that the evidence of the defendant may not be found
by the jury to be sufficient to sustain the burden of proof upon this issue.

THREE ACTIONS OF TORT, two for personal injuries alleged
to have been sustained by reason of an automobile in which the
plaintiffs Stevens and Feeley were passengers running into an
open trench in Franklin Street, a public highway of the defend-
ant, on the evening of July 5, 1907, and the third action by the
owner of the automobile for injury to his property. Writs
dated November 29, 1907.

In the Superior Court the cases were tried together before
*Hitchcock,* J. The jury took a view of the scene of the accident.

There was evidence on the part of the plaintiffs tending to
show that at about 11.30 P. M. on the evening of the accident,
the plaintiffs Stevens and Feeley, in company with one Charles
M. Boyce, who testified as a witness for the plaintiffs, were
walking to their homes in Stoneham, and that, when they
had arrived at a point on Franklin Street in Stoneham near
the Stoneham station of the Boston and Maine Railroad and

distant somewhat over a mile from the scene of the accident, they met some friends of the plaintiffs Stevens and Feeley who were alighting from an automobile driven by one Brooks, who was called as a witness for the plaintiffs and testified on behalf of the plaintiffs. These friends asked Brooks to give the plaintiffs Stevens and Feeley and Boyce, all of whom were strangers to Brooks, a ride in the automobile. Brooks told these plaintiffs that he then was going directly to the garage of the plaintiff the Walter L. Shepard Company; that he was in a hurry to get there, and had just enough gasoline to furnish power for that distance, and that he would take them in the car if they cared to go where he was going himself, but would not take them back from the garage after getting there. Thereupon the plaintiffs Stevens and Feeley and Boyce entered the automobile, which proceeded down that part of Franklin Street lying in Stoneham to the point of the accident. Brooks, the plaintiffs and Boyce all testified that Brooks alone operated the car; that the plaintiffs did not direct him where to go; that they had no control over him in the operation or management of the automobile; that Brooks started immediately for the garage of the Walter L. Shepard Company, and was proceeding directly there at the time of the accident; that the plaintiffs Stevens and Feeley, and also the witness Boyce, accompanied him as his guests without charge on his part and with no authority to direct or control his operation of the car on their part.

The automobile was owned by the plaintiff the Walter L. Shepard Company, and Brooks was a chauffeur employed by that plaintiff. He was duly licensed as a chauffeur and had had several years' experience in the operation of automobiles, during the greater part of which time he had been employed as a chauffeur by the Walter L. Shepard Company.

The evidence in regard to the registration of the automobile is described in the opinion.

At the close of the evidence the defendant asked the judge to rule as follows:

"1. Upon all the evidence the plaintiffs are not entitled to recover.

"2. There was no evidence which would warrant the jury in finding that the way was defective."

"5. If the jury find that the driver Brooks was not in the exercise of due care, the plaintiffs are not entitled to recover.

"6. If the jury find that the plaintiffs Stevens and Feeley trusted to Brooks the sole care and operation of the automobile in which they were riding, and relied wholly upon the care and vigilance of Brooks and he was negligent, the said plaintiffs are not entitled to recover.

"7. If the jury find that the plaintiffs Stevens and Feeley continued to ride a considerable distance with Brooks after he had operated the automobile at a speed so great as to cause them to scream with fright, they cannot recover.

"8. If the jury find that the plaintiffs Stevens and Feeley accepted an invitation to ride in an automobile late at night with a person whom they did not know and of whose care and skill they had no knowledge and his negligence contributed to the injury, the said plaintiffs are not entitled to recover.

"9. If the jury find that the automobile in which the plaintiffs were riding was not registered according to the requirements of law, the plaintiffs are not entitled to recover.

"10. If the jury find that the ownership of the automobile registered under the number which was upon the automobile in suit had changed before July 5, 1907, and the number had not been reissued, the plaintiffs cannot recover.

"11. If the jury find that the brake upon the automobile was defective or failed to work properly, and this contributed to the cause of the accident, the plaintiffs are not entitled to recover."

"13. If the plaintiffs Stevens and Feeley saw the lanterns in the street sixty or more feet away and did not watch them or call Brooks' attention to them, they were guilty of contributory negligence and cannot recover.

"14. If the jury find that the number upon the machine was not the dealer's number, 0408, issued to the W. L. Shepard Company, the plaintiffs cannot recover."

The judge refused to make these rulings except that he gave the eleventh ruling as an instruction in the action of the Walter L. Shepard Company, and also gave in substance the fifth ruling as an instruction in that action. The defendant objected to a portion of the judge's charge which allowed the jury to find that the plaintiffs Stevens and Feeley were not precluded from recov-

ering by negligence on the part of the driver Brooks. The judge declined to change or modify this instruction. " No instructions were given relative to the evidence as to registration of the automobile and numbers upon it."

The jury returned a verdict for the plaintiff in each of the cases, in the action of Feeley in the sum of $3,000, in the action of Stevens in the sum of $500, and in the action of the Walter L. Shepard Company in the sum of $150. The defendant alleged exceptions.

*C. L. Allen,* for the defendant.

*W. J. Corcoran,* (*M. F. Cunningham* with him,) for the plaintiffs.

SHELDON, J. In our opinion the fifth and sixth requests should have been given in each one of the cases. If the injury to the individual plaintiffs was due in part to the negligence of Brooks in driving the automobile, then it could not be said that the defect in the highway was the sole cause of their injury within the meaning of our decisions. *Kidder* v. *Dunstable,* 7 Gray, 104. *Shepherd* v. *Chelsea,* 4 Allen, 113. *Pratt* v. *Weymouth,* 147 Mass. 245, 252. *Block* v. *Worcester,* 186 Mass. 526. This would not be a case where the concurring cause of the injury was the merely innocent act of a third party, as in *Hayes* v. *Hyde Park,* 153 Mass. 514, and *Clinton* v. *Revere,* 195 Mass. 151. It is not because the negligence of Brooks is to be imputed to these plaintiffs that they fail of recovery, (*Shultz* v. *Old Colony Street Railway,* 193 Mass. 309,) but because by reason of that negligence, although they are not responsible for it, it could not be found that the defect in the way was the sole cause of the injury.

But as the case has turned, the defendant has not been harmed by this error. The fifth ruling asked for was given in the case of the Shepard Company, and the finding of the jury in favor of the plaintiff in that case establishes the fact that Brooks was not negligent. This exception cannot be sustained. And what we have said applies also to the eleventh request.

If the automobile in which the female plaintiffs were riding was not registered according to the requirements of law, it was unlawfully upon the way; those who were using it were not travellers but trespassers; and it would follow that they could

not maintain this action. *Doherty* v. *Ayer*, 197 Mass. 241, 247. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. Each one of the plaintiffs must fail of recovery in that event. It would not help the individual plaintiffs that they may not have known that the automobile was not duly registered; they did not know that it was, and it was at their own peril, as to the city and as to third persons, that they undertook to use a vehicle the use of which was prohibited by law. It follows that the ninth and tenth requests for instructions should have been given, if there was evidence on which the jury could have found the facts therein stated. And we are of opinion that the jury could so have found. \

There was evidence that the number upon this machine was 13,627, and that the only automobile which had been registered under that number was a machine like this which had been registered in the name of one Eames, but which he had ceased to own on March 20, 1907. The accident happened on July 5, 1907. The statute in force on March 20 was St. 1903, c. 473, § 1, as amended by St. 1905, c. 311, § 2, and St. 1906, c. 412, § 8. It was further amended before the date of the accident by St. 1907, c. 580, § 1; but this amendment contained nothing which bears upon the question before us and may be disregarded. The statute provided that " upon the transfer of ownership of any automobile or motor cycle its registration shall expire." Accordingly it could have been found that the registration of · this machine had expired on March 20, and yet that it still bore the number of that former registration. And the plaintiffs, although their attention was thus called to the matter, offered no evidence of any new registration or to show that a new official number had been assigned to the machine. Brooks in rebuttal testified that it was running " by Mr. Shepard's number," but that he could not tell what that number was or what number was on the machine.

Undoubtedly, it was for the defendant to show that the machine was not duly registered and numbered. *Doherty* v. *Ayer*, 197 Mass. 241. But we cannot say as matter of law that evidence that it had been duly registered, that this registration had expired about three months before the accident, and that the machine still bore the number of the old registration, did not

tend to prove this fact, especially when the plaintiffs, one of whom was the owner of the machine, put in no other evidence upon the question than the testimony of Brooks, which we have referred to.    Accordingly, we are of opinion that the ninth and tenth requests should have been given.

The first request was rightly refused.    The questions in the case were for the jury.    Nor do we find any error in the rulings excepted to other than what has been stated.    *Woods* v. *Boston*, 121 Mass. 337.    *Flynn* v. *Watertown*, 173 Mass. 108. *Leonard* v. *Boston*, 183 Mass. 68.

*Exceptions sustained.*