ALBERT F. LOVE *vs.* WORCESTER CONSOLIDATED STREET
RAILWAY COMPANY.

Worcester.   October 14, 1912. — November 26, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Automobile.   Negligence,* In use of highway.

Under St. 1909, c. 534, §§ 2, 9, if the owner of an automobile which is not registered
in his name operates it upon a highway, he is there unlawfully, and a street
railway company in operating its cars upon the highway owes him no other duty
than to abstain from injuring him by wantonness or recklessness.

TORT against a street railway company for personal injuries
sustained by the plaintiff on July 10, 1910, from being run into
by a car of the defendant on Main Street, a highway in Worcester,
when the plaintiff was operating an automobile of which he was
the owner.   The declaration alleged that the street railway car was
operated negligently and carelessly by the agents or servants of
the defendant and that the plaintiff's injuries were caused by the
negligence of the defendant.   Writ dated March 16, 1911.

At the trial in the Superior Court before *Lawton,* J., there
was evidence of the plaintiff's due care and of the defendant's
negligence.

The evidence showed that the plaintiff had procured a license
to operate automobiles in 1905, and that he was experienced in
their operation and mechanism and was perfectly competent to
run them.   At the time of the accident the plaintiff had failed to
have his license renewed in accordance with St. 1909, c. 534, § 8,
because he had been out of the Commonwealth.   In the winter of
1909 the plaintiff had ordered a new automobile.   While he was out
of the Commonwealth the automobile was delivered at his residence
in Worcester.   His wife, who had a license to operate automobiles,
had the automobile registered in her own name.   The plaintiff
returned to the Commonwealth only a few days before the accident.
At the time of the accident he owned the automobile, which was
not registered in his name but was registered in the name of his
wife.

At the close of the plaintiff's evidence the judge ordered the jury to return a verdict for the defendant, on the ground that the automobile was not registered in the name of the owner. The judge reported the case for determination by this court with an agreement of counsel that, if this ruling was wrong, judgment should be entered for the plaintiff in the sum of $150; otherwise, that judgment should be entered for the defendant.

The case was submitted on briefs.

*P. T. Dolan,* for the plaintiff.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

HAMMOND, J. At the time of the accident the automobile was not registered in the name of its owner. It was therefore unlawfully upon the highway, and the defendant owed to the plaintiff no other duty than that of abstaining from injuring him by wantonness or recklessness. The case is fully covered by *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, and *Chase v. New York Central & Hudson River Railroad,* 208 Mass. 137.

*Judgment for the defendant.*