BURTON HOLLAND *vs*. CITY OF BOSTON.

Suffolk.    November 15, 18, 1912. — February 11, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, In use of highway, Violation of statute.  *Automobile.*  *Way*, Public.

In an action against a city for personal injuries sustained when the plaintiff was driving an automobile on a highway of the defendant by reason of an alleged defect in such highway, if it appears that the plaintiff at the time of the accident had no license to operate an automobile as then required by St. 1903, c. 473, §§ 4, 5, amended by St. 1905, c. 311, § 4, this fact, although it is evidence of the plaintiff's negligence, does not necessarily preclude his recovery.

Under St. 1903, c. 473, §§ 1-3, and St. 1907, c. 580, § 2, one, who is driving on a public highway an automobile which is not registered or to be "regarded as registered" in accordance with the provisions of those statutes, is a trespasser, and cannot maintain an action under R. L. c. 51, § 18, for personal injuries caused by a defect in such highway.

In an action against a city under R. L. c. 51, § 18, for personal injuries alleged to have been sustained by reason of a defect in a highway of the defendant when the plaintiff was driving an automobile, it appeared that the plaintiff was the owner of the automobile and that it was not registered, but that the plaintiff was in the employ of a dealer in automobiles, second hand and new, who was the agent for the kind of automobile that the plaintiff was driving, and the plaintiff testified that this automobile was used as a shop machine and was marked with the numbers of his employer, and that by agreement between the plaintiff and his employer the car was supposed to be used by anybody in the shop that wanted to use it.  It could have been found that at the trial the defendant had acquiesced in an assumption of the plaintiff that the numbers on the automobile were distinguishing numbers or marks that had been assigned by the highway commission to the plaintiff's employer.  *Held*, that the question, whether the automobile was controlled by a dealer in automobiles and bore his general distinguishing number or mark so as to be "regarded as registered" under the provisions of St. 1907, c. 580, § 2, was a question of fact to be submitted to the jury with the other issues in the case.

TORT, under R. L. c. 51, § 18, against the city of Boston for personal injuries sustained by the plaintiff on June 24, 1909, while driving an automobile on a public highway of the defendant called North Harvard Street in that part of Boston called Brighton, by reason of an alleged defect in that highway, consisting of a rope stretched across it.  Writ dated August 11, 1909.

In the Superior Court the case was tried before *White*, J.  The plaintiff testified, among other things, that he was by occupation

an automobile repair man and had been employed constantly as such for ten years previous to the date of the trial; that he had known how to operate an automobile ever since he had been in the business and had driven automobiles perhaps seventy-five thousand miles; that on or about June 24, 1909, he owned a Stanley automobile of the make of the year 1904, which weighed about a thousand pounds; that on that date, while travelling on North Harvard Street, a public highway in the Brighton district of the city of Boston, in this automobile, he ran into a rope stretched across the street, which rope slipped up over the front end of the automobile, caught him across the stomach and pulled him and the seat in which he was sitting out backward; that he did not see any policemen in the street but did see one on the left-hand sidewalk; that he did not see the rope and did not know it was there until the accident happened; that he did not see any signs, barriers, flags or horses in the street and heard no shout or warning.

The evidence in regard to the ownership and registration of the automobile is stated in the opinion. The plaintiff testified that his employer, Proctor, who is mentioned in the opinion, was engaged in the business of selling and repairing automobiles and was a dealer in automobiles both second hand and new; also that Proctor was agent for the Stanley automobiles and that the car which the plaintiff was driving at the time of the accident was a Stanley; that the plaintiff owned the car but that it was used as a shop machine and that Proctor's numbers were on it. It was agreed by the parties that the plaintiff's license as a chauffeur had expired in March, 1909, and had not been renewed before the accident happened.

The judge ruled that the plaintiff was not entitled to recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. D. Putnam,* for the plaintiff.

*J. A. Campbell,* for the defendant.

SHELDON, J. The fact that the plaintiff was operating his machine over the highway and that he had no license under the statute then in force (St. 1903, c. 473, §§ 4, 5, as amended by St. 1905, c. 311), was not necessarily fatal to his right to recover. It was merely evidence of his negligence in the management of

his machine, to be considered by the jury in connection with the other evidence bearing upon that question. *Bourne* v. *Whitman,* 209 Mass. 155, 171.

But if his machine was not registered or to be regarded as registered as required by other sections of the statute, then his conduct in running it upon the highway and against the rope, the stretching of which across the street constituted the defect complained of, was the act of a mere trespasser, who could have against any one no other right than to be exempt from reckless, wanton or wilful injury. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443. *Feeley* v. *Melrose,* 205 Mass. 329. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 156 *et seq. Bourne* v. *Whitman,* 209 Mass. 155, 172. *Love* v. *Worcester Consolidated Street Railway,* 213 Mass. 137.

The plaintiff was the general owner of this machine, and it was not registered. But he contended that it was at this time controlled by his employer, one Proctor, and that it carried the distinguishing numbers which had been assigned to Proctor, under the provisions of St. 1907, c. 580, § 2, then in force, and that his machine was therefore in the words of that act, to be "regarded as registered." The evidence as to this was meagre. It was not shown by direct evidence that Proctor had applied to the highway commission for any distinguishing numbers or marks, or that the commission had taken any action upon such an application. This however seems to have been assumed by the plaintiff, and it could be found that the defendant had acquiesced in such assumption. Uncertain and equivocal as much of the plaintiff's testimony was, we cannot see that it did more than to raise a suspicion, perhaps a strong suspicion, that he had retained control of his machine, and that any use made of it for Proctor's benefit was merely by the plaintiff's permission and not as a matter of rightful control by Proctor. Undoubtedly the facts that the plaintiff was the owner of the machine and had had it registered in his own name, which registration had expired, and that he still retained to a considerable degree the custody, if not the possession of it, taking it to his own home at night, furnished evidence in support of the defendant's contention. *Feeley* v. *Melrose,* 205 Mass. 329. But the plaintiff testified also, that this was a shop car, that it was used as a shop machine, that Proctor's

numbers were put upon the car by his (Proctor's) authority, that the car was supposed to be used by anybody in the shop that wanted to use it, and that the plaintiff had come to that agreement with Proctor. In our opinion the question whether the car was really under the control of Proctor and carried the distinguishing numbers which lawfully had been assigned to him and so was to be "regarded as registered" under the statute, should have been submitted to the jury with the other issues in the case.

*Exceptions sustained.*