ERVING M. HOLDEN *vs.* RICHARD A. McGILLICUDDY.

Franklin.   September 16, 1913. — October 21, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Evidence,* Foreign law, Presumptions and burden of proof. *Conflict of Laws.*
    *Automobile,* License of operator, Registration of car. *Negligence,* In use of
    highway, Trespasser.

Where, at the trial of an action of tort for damage to an automobile alleged to have
    resulted from a collision with an automobile of the defendant in the State of
    Vermont, it appears that at the time of the collision the operator of the plain-
    tiff's automobile was not licensed in accordance with a Vermont statute, and
    there is not introduced any evidence of the Vermont law as to the effect of such
    violation of the statute, the common law in Vermont must be presumed to be the
    same as that of this Commonwealth, namely, that if the operation of the auto-
    mobile without a license was not a cause contributing to the injury to the
    plaintiff, it does not bar recovery by the plaintiff.
In an action for damages resulting from a collision of an automobile of the plaintiff
    with one of the defendant in Vermont, it appeared that statutes of Vermont
    required owners of automobiles to register them annually, and that "no auto-
    mobile or motor cycle shall be operated upon a public highway" unless so regis-
    tered. It appeared that, at the time of the collision, the plaintiff's automobile
    was not so registered. It did not appear that the collision was caused by reck-
    less or wanton action of the defendant. There was no evidence of the common
    law of Vermont. *Held,* that, in the absence of evidence as to the common law
    of Vermont on the subject, it must be presumed to be the same as that of
    this Commonwealth; that the plaintiff was a trespasser upon the highway when
    the collision took place, and that the defendant had violated no duty to him.

TORT for injury to an automobile of the plaintiff from a collision with an automobile of the defendant in Guilford, Vermont, alleged to have been caused by negligence of the defendant. Writ dated April 11, 1912.

In the Superior Court the case was tried before *Bell,* J. The material facts are stated in the opinion. In reply to special questions, the jury answered that at the time of the accident the plaintiff was in the exercise of "ordinary care" but that the

defendant was not, that the negligence of the defendant caused damage to the plaintiff's automobile to the amount of $199.25, and that the fact that the plaintiff had no license to operate the automobile was not a contributing cause of the collision.

The judge thereupon ordered a verdict for the plaintiff in the sum of $199.25, stating, "The Supreme Court, if they find that want of registration is fatal, will order a verdict for the defendant without further ceremony. If they find it is not fatal, they can make such order as they think is right. If I order it the other way it would involve a new trial, if there was anything wrong about that." The defendant alleged exceptions.

*F. J. Lawler,* for the defendant.

*W. A. Davenport,* (*H. A. Weymoth* with him,) for the plaintiff.

SHELDON, J. This accident occurred in Vermont, and the rights of the parties are governed by the law of that State.

Under our decisions the illegal conduct of the plaintiff in operating his machine without a license to do so was merely evidence of negligence on his part. But on the whole evidence the jury have found, not only that he was in the exercise of due care, but also that this illegal conduct did not contribute to the injury sued for. Under our common law, therefore, it was not a bar to his recovery. *Holland* v. *Boston,* 213 Mass. 560. *Bourne* v. *Whitman,* 209 Mass. 155. *Moran* v. *Dickinson,* 204 Mass. 559. There was no evidence as to the law of Vermont upon this question, and its common law is presumed to be the same as ours. *Hazen* v. *Mathews,* 184 Mass. 388. *Gordon* v. *Knott,* 199 Mass. 173, 179. The plaintiff's recovery cannot be defeated upon this ground.

But it was undisputed that by the statute law of Vermont the owner of an automobile or motor vehicle must annually, by application to the Secretary of State upon a specified blank, cause it to be registered, and that a further statute provided that "no automobile or motor vehicle shall be operated upon a public highway" unless so registered. St. of Vermont, 1910, No. 132, 133. Did the plaintiff's failure to have his automobile so registered, and the fact that without such registration he was operating it upon a public highway in Vermont, prevent him from maintaining this action?

We held in *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, that under our statutes one who was operating an automobile upon our public ways without its being registered as required by

those statutes was a mere trespasser upon the way, and had no greater rights against persons who were lawfully using the way than that they should not recklessly or wantonly injure him or his property. That rule has been followed in our later cases. *Feeley* v. *Melrose,* 205 Mass. 329. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516, 518. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 156 *et seq. Bourne* v. *Whitman,* 209 Mass. 155, 172. *Love* v. *Worcester Consolidated Street Railway,* 213 Mass. 137. *Holland* v. *Boston,* 213 Mass. 560, 562. The *Dudley* case, *ubi supra,* turned partly upon the language of some of the provisions of the statute, which, so far as the evidence at the trial showed (and we cannot go beyond that evidence), are not found in the statutes of Vermont. But the decisive feature of our decisions has been that the prohibition of the use of unregistered automobiles upon the public ways was intended, not merely to create a public duty to be enforced in the ordinary administration of the criminal law, but to provide for the protection of travellers upon the highways, to regulate the rights of such travellers among themselves. So it was said in the *Dudley* case (202 Mass. 443, 448): "It is a reasonable assumption that the Legislature intended to put these forbidden and dangerous machines outside the pale of travellers." So again in *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 158, the court said: "Under the decisions, the operation of the unregistered automobile is deemed to be unlawful in every feature and aspect of it. Everything in the conduct of the operator that enters into the propulsion of the vehicle is under the ban of the law. In going along the way . . . the machine is an outlaw. The operator . . . is guilty of conduct which is permeated in every part by his disobedience of the law, and which directly contributes to the injury. . . . He is within the words of the statute." And this language was quoted and the rule reaffirmed in *Bourne* v. *Whitman,* 209 Mass. 155, 172.

It is to be regretted that we have not fuller evidence of the law of Vermont upon this question. But applying what we regard as the general rules of the common law, we can only conclude that the Vermont statute, like our own, was enacted, not only as a police regulation to govern the conduct of all persons in the State, but for the particular protection of travellers upon the high-

ways, to guard them against the dangers that might arise from the operation of improper machines to which the State would not grant the privilege of registration, and to afford them means of redress in case of injury by enabling them readily to ascertain the name and address of the owner of an automobile from which they might suffer injury. The plaintiff by running his machine upon the public way violated the law which had been enacted for the protection of the defendant and others who should be lawfully using the way; and it was this violation of law which directly caused the accident. The case resembles in principle *Seaboard Air-Line Railway* v. *Chapman*, 4 Ga. App. 706.

There was no evidence that the defendant had acted recklessly or wantonly. That hardly has been contended.

A verdict should have been ordered for the defendant. Accordingly his exceptions must be sustained.

Under the terms of the bill, as shown by the statements made by the judge at the trial, the authority given by St. 1909, c. 236, should be exercised and judgment directed for the defendant.

*So ordered.*