(77 South. 972)

ATLANTIC COAST LINE R. CO. v. KELLY.

(4 Div. 446.)

(Court of Appeals of Alabama.   Jan. 22, 1918. Rehearing Denied Feb. 26, 1918.)

1. PLEADING ⊜═20 — ALTERNATIVE AVERMENTS.

Each alternative averment of a count must be good; if either is bad, the count is subject to demurrer.

2. PLEADING   ⊜═18—CERTAINTY—DEMURRER.

In an action for injuries to plaintiff's automobile at a point where defendant railroad maintained an unsafe overhead crossing, counts of the complaint alleging that the roadway was established as a public road in a regular proceeding for that purpose, or had been generally used by the public for 20 years continuously, on or prior to the erection or placing of the posts or piling, were subject to demurrer in that the alternative averment did not negative that the use of the road had been permissive.

3. HIGHWAYS ⊜═7(1) — ESTABLISHMENT OF ROADS—PRESCRIPTION—PROOF NEGATIVING PERMISSIVE USE.

While the doctrine of prescription applies to the establishment of public roads, it must be shown, in addition to continuous use for twenty years, that the use was a matter of right, and not merely permissive, since mere use without proof that it was adverse under a claim of right is not sufficient.

4. APPEAL AND ERROR ⊜═173(13)—QUESTION PRESENTED—FAILURE TO PLEAD.

On a railroad's appeal from judgment against it in an action for injuries to an automobile at an overhead crossing obstructed by upright posts or piling, the question relative to plaintiff's failure to register and license his automobile was not presented, under Code 1907, § 5331, providing that, if defendant does not rely solely upon a denial of plaintiff's cause of action, it must plead specially the matter of defense, where the only matter presented in the record to invite consideration of the defense that plaintiff was operating an unregistered and unlicensed automobile was the statement in the bill of exceptions that plaintiff admitted on cross-examination he had not procured such license, and the refusal of a special charge requested by the railroad predicated on such evidence, embodying the proposition that, if plaintiff had not obtained a license to operate the automobile on the public road, his act was unlawful, and he could not recover.

5. APPEAL AND ERROR ⊜═852 — QUESTIONS REVIEWABLE — FAILURE SPECIALLY TO PLEAD DEFENSE.

When it is manifest from the record that an action has been tried to its conclusion as if a defense required to be specially pleaded was an issue, though the record shows only the general issue pleaded, the appellate court will review the ruling of the trial court as to such defense as if specially pleaded, a rule not ap-

plicable, where it is sought to put the trial court in error, unless it affirmatively appears from the record that the trial court took cognizance of the defense and treated it as an issue.

6. APPEAL AND ERROR ⬅916(2)—PRESUMPTIONS FAVORING TRIAL COURT — PLEA ADMITTING EVIDENCE TO SUSTAIN DEFENSE.

To avoid the imputation of error to the trial court, where it appears that evidence tending to sustain a defense appropriate to the action, not admissible under the general issue, was admitted without objection, the presumption will be indulged, in the absence of affirmative showing to the contrary, that a proper plea was filed or that such plea was waived.

7. APPEAL AND ERROR ⬅499(1)—PREPARING BILL OF EXCEPTIONS—DUTY OF APPELLANT TO STATE OBJECTIONS MADE BY APPELLEE.

In preparing its bill of exceptions, it was not incumbent on defendant appellant to state objections made by plaintiff, where the ruling was in favor of defendant.

Bricken, J., dissenting in part.

Appeal from Circuit Court, Coffee County; W. W. Pearson, Judge.

Action by Lawrence Kelly against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John R. Tyson, of Montgomery, and Riley & Carmichael, of Elba, for appellant. W. W. Sanders, of Elba, for appellee.

BRICKEN, J. This case was tried on counts 2 and 5 of the complaint and defendant's plea of not guilty. In each of these counts damages are claimed for injury to the plaintiff's automobile, which it is alleged was being driven by him along a public road at a point where the defendant maintained an overhead crossing by means of upright posts or piling, which it is alleged wholly or in part obstructed the roadway, rendering it unsafe for the passage of vehicles. In each of the counts it is alleged that:

The "roadway was established as a public road in a regular proceeding for that purpose, or had been generally used by the public for 20 years continuously on or prior to the erection or placing of said posts or piling."

Numerous grounds of demurrer were interposed to each of these counts, which were overruled.

[1] It is elementary that each alternative averment in a count must be good. If either is bad, it renders the count subject to demurrer. Birmingham Ry., L. & P. Co. v. Nicholas, 181 Ala. 491, 505, 506, 61 South. 361. The sufficiency of the allegation of the alternative averment in each of these counts that the road had been generally used by the public for 20 years continuously, relied upon by the pleader as showing the roadway to be a public one, was challenged by grounds 22, 23, and 24 of the demurrers. Those grounds raised the question as to the sufficiency of that allegation to show that the roadway was a public one, as not showing the use to have been adverse or under claim of right, but merely permissive.

[2, 3] The demurrer on those grounds pretermitting a consideration of all others, should have been sustained. It is thoroughly settled in this state:

"While the doctrine of prescription applies to the establishment of public roads, it must be shown, in addition to continuous user for 20 years, that the use was a matter of right, and not merely permissive, since mere user without proof that it was adverse under a claim of right is not sufficient." Merchant v. Markham, headnote 2, 170 Ala. 278, 54 South. 236.

In the body of the opinion in that case the court quotes approvingly from Elliott on Roads and Streets, p. 137, the following language:

"Before a highway can be established by prescription, it must appear that the general public, under a claim of right, and not by mere permission of the owner, used some defined way without interruption or substantial change, for a period of 20 years or more."

In Whaley v. Wilson, 120 Ala. 502, 24 South. 855, a bill was filed to enjoin the obstruction of a public road. Plaintiff sought to establish the roadway as a public one by prescription. The court held, quoting the headnote:

"Where the character of a road, whether public or private, depends upon prescription to make it a public road, it must appear that the general public, under a claim of right, and not by mere permission of the owner, used the said road without interruption or substantial change for a period of twenty years or more."

In the body of the opinion the same quotation is indulged as quoted above from Merchant v. Markham, supra.

In Gosdin v. Williams, 151 Ala. 592, 44 South. 611, the action was trespass to realty. The question was whether the road which the defendant traveled that ran across plaintiff's land was a public one. That road had been used by the public for 40 years. The court said:

"There is an absence of evidence to show that the road was legally established, either by an order of court or by dedication; and the mere use of land for the purpose of a road carries with it no presumption of adverse claim or claim of right to use it."

See, also, the following cases: Rosser v. Bunn, 66 Ala. 89; Harper v. State, 109 Ala. 66, 19 South. 901; Trump v. McDonnell, 120 Ala. 200, 24 South. 353; Jones v. Bright, 140 Ala. 268, 37 South. 79; Bellevue Cemetery Co. v. McEvers, 168 Ala. 535, 53 South. 272.

The plaintiff on cross-examination admitted that he had not obtained a license, nor registered the automobile injured, and for which damages were sought to be recovered. At the time of the alleged injury to plaintiff's car the act approved April 22, 1911, (General Acts 1911, p. 634), was in force. The tenth section of that act provides:

"No person shall operate or drive a motor vehicle on the public highways of this State after the 1st day of October, 1911, unless such vehicle shall have the certificate of registration

assigned to it by the secretary of state, conspicuously displayed on the rear of said vehicle, securely fastened."

A violation by the plaintiff of this prohibitory statute made him a trespasser upon the highway or public road, and prevents a recovery in this case.

The prohibition quoted above is similar to one in the Statutes 1903, c. 473, of Massachusetts, under which many cases have arisen and been decided by the courts of that state.

In the case of Doherty v. Inhabitants of Ayer, 197 Mass. 241, 83 N. E. 677, 14 L. R. A. (N. S.) 816, 125 Am. St. Rep. 355, decided in February, 1908, the action was to recover damages to plaintiff's automobile, alleged to have been caused by a defect in a road in the defendant town which it was bound to keep in repair. Speaking to the point here under discussion, the court said:

"Inasmuch as the plaintiff was upon the road only as one riding in and operating an automobile, if it was unregistered, and if he was unlicensed, he had no relation to the highway, and he was in no sense a traveler, except as a violator of the law in reference to the use that might be made of the way. In regard to the right of recovery, his violation of this law would not be treated as mere evidence of negligence that was not a direct and proximate cause of the accident, or as only a condition which was not fatal to his claims. * * * We are of opinion that a violation of the statute in this particular so affects the direct relation of the violator to the town, in regard to the way and the only use that he was making of it, as to leave him without remedy for an injury caused by a defect in the way."

Again, this question came before that court in February, 1910, in the case of Ellen Feeley v. City of Meltrose, Margaret Stevens v. Same, Walter L. Shepard Co. v. Same, 205 Mass. 329, 91 N. E. 306, 27 L. R. A. (N. S.) 1156, 137 Am. St. Rep. 445. The three actions were brought in tort, two for personal injuries alleged to have been sustained by reason of an automobile in which plaintiffs Feeley and Stevens were passengers running into an open trench in one of the public streets of defendant, and the third action by the owner of the automobile for injury to his property. The court said:

"If the automobile in which the female plaintiffs were riding was not registered according to the requirements of the law, it was unlawfully upon the way; those who were using it were not travelers, but trespassers, and it would follow that they could not maintain this action. * * * Each one of the plaintiffs must fail of recovery in that event. It would not help the individual plaintiffs that they may not have known that the automobile was not duly registered; they did not know that it was, and it was at their own peril, as to the city and as to third persons, that they undertook to use a vehicle the use of which was prohibited by law."

And, again, the question here under consideration came under review in the case of Holland v. City of Boston, 213 Mass. 560, 100 N. E. 1009. In that case the action was tort for personal injury sustained by plaintiff on a public street by reason of a defect in the street consisting of a rope stretched across it. The court, speaking to the point here involved, said:

"But if his machine was not registered * * * as required by other sections of the statute, then his conduct in running it upon the highway and against the rope, the stretching of which across the street constituted the defect complained of, was the act of a mere trespasser, who could have against anyone no other right than to be exempt from reckless, wanton or willful injury."

That learned court also had before it the question here, in the following cases: Dudley v. Northampton Street Ry. Co., 202 Mass. 443, 89 N. E. 25, 23 L. R. A. (N. S.) 561; Love v. Worcester C. St. Ry. Co., 213 Mass. 137, 99 N. E. 960; Holden v. McGillicuddy, 215 Mass. 563, 102 N. E. 923; Deans v. Boston Elevated Co., 217 Mass. 495, 105 N. E. 616; Gould v. Elder, 219 Mass. 396, 107 N. E. 59.

In all of those cases it was held that there could be no recovery because the automobile was unlawfully upon the public highway. And in Holden v. McGillicuddy, supra, it was said:

"It is a reasonable assumption that the Legislature intended to put these forbidden and dangerous machines outside of the pale of travelers. * * * Under the decisions the operation of the unregistered automobile is deemed to be unlawful in every feature and aspect of it. Everything in the conduct of the operator that enters into the propulsion of the vehicle is under the ban of the law. In going along the way * * * the machine is an outlaw. The operator * * * is guilty of conduct which is permeated in every part by his disobedience of the law, and which directly contributes to the injury."

Davids, in his work on the Law of Motor Vehicles (section 190, p. 188), says:

"Where the statute merely requires automobiles to be registered and imposes a penalty for violation of the requirement, but does not declare the use of unregistered cars to be unlawful, a motorist who sustains injury from a defect in the highway is not precluded from recovering damages from the municipality whose duty it is to maintain the way in a safe condition, by reason of the fact that at the time of the injury his car was not registered and numbered. But where the statute declares that no automobile shall be operated upon any public highway unless licensed so to do, the rule is otherwise, and there can be no recovery. The motorist in the latter case is deemed to be not a traveler, but a trespasser, and his violation of the law will not be treated as mere evidence of negligence that was not a direct and proximate cause of the accident, or as only a condition that is not fatal to his claims."

And Babbitt, in his work on the same subject, at section 314a, uses this language:

"The mere fact that a motor vehicle is not registered as required by law does not bar a recovery for injury sustained in consequence of a defective highway; the operator not being a trespasser on the street. But where the statute prohibits the use of a highway by unregistered vehicles, a person so doing is a mere trespasser on the highway."

It will be observed that these two law-writers draw the distinction between the effect of a statute which simply imposes a penalty for failing to register an automobile and a statute like the one here under consideration, which prohibits the operation of

the vehicle upon a public highway unless licensed to do so.

In the one case, namely, where the omission to register an automobile is punished by the imposition of a fine or penalty, the plaintiff, if injured or his automobile damaged, may recover for the reason that his failure to register his car is not the proximate cause of his injuries. But where he is prohibited from operating his car along a public highway, unless it is registered, he becomes a trespasser, and the use of the vehicle so prohibited is unlawful, and where an injury results either to the owner of the car or to the vehicle, those injuries will be attributed to his violation of the law.

It has been many times decided by the Supreme Court of this state that a trespasser upon a railroad track cannot recover unless those in charge of the train inflicting the injury have been guilty of wanton, reckless, and willful conduct, or fail to exercise reasonable care after the discovery of the trespasser's peril. Haley v. K. C., M. & B. R. R. Co., 113 Ala. 640, 650, 21 South. 357, and cases cited.

It seems never to have been thought by that court that the act of the trespasser in going upon the track was mere evidence of negligence on his part, not the direct and proximate cause of his injury, or that it was only a condition. On the contrary, the court has unqualifiedly held that his being on the track as a trespasser would defeat a recovery. This upon the principle that the railroad company owed him no duty except not to willfully or wantonly injure him or not to injure him after discovering his peril. Here the plaintiff was a violator of the law, and had no right as a traveler in his unregistered car upon the highway, and therefore cannot complain of its obstruction by the defendant.

In this case the liability of the defendant is predicated upon the maintenance of a nuisance at the point where the plaintiff's vehicle was damaged by coming in contact with the posts or piling alleged to have been erected and maintained by the defendant in the public highway. There is, therefore, no question of negligence involved in the case.

As said by Brown, J., now Presiding Judge of this court, in the case of City of Montgomery v. Stephens, 14 Ala. App. 274, 69 South. 971:

"Ordinarily negligence is not an essential element in an action to recover damages resulting from a nuisance. The reason upon which this rule rests is found in the maxim, 'Sic utere tuo ut alienum non lædas,' and until injurious consequences result from the nuisance the cause of action does not arise."

The case of Cullman v. McMinn, 109 Ala. 614, 19 South. 981, cited and relied upon by appellee's counsel as decisive of the question here under discussion, has no application. It is true that in that case the action was for damages against a municipal corporation for personal injuries caused by a defective bridge. It is also true that the court held that the fact that at the time of the injury the plaintiff was riding on a bridge at a rate of speed prohibited by a municipal ordinance did not affect his right of recovery unless the rate of speed at which he was riding contributed to his injury. The plaintiff in that case was violating no prohibitory statute against his crossing the bridge. He was in the exercise of a lawful right, and the court was dealing with the manner of that exercise by him. Here the plaintiff was a violator of the law, and had no right upon the public road as a traveler. The difference between the two is therefore perfectly apparent.

It is next insisted by appellee's counsel that the question here under discussion was not within the issue presented by the pleadings in the case. This might be conceded, though we do not decide it, and yet the point is not well taken. This for the reason that no objection was interposed to the testimony. As said in Bomar v. Rosser, 131 Ala. 216, 31 South. 430:

"'Parties may try their controversies on illegal evidence, if they choose to do so.' Moons v. Crowder, 72 Ala. 79; Osborn v. State, 125 Ala. 106 [27 South. 758]. The failure to object to the admission of this evidence or to move its exclusion was a waiver of all objections to its legality."

See Thomason v. Odum, 31 Ala. 108, 68 Am. Dec. 159; Masterson v. Pullen, 62 Ala. 145.

Where the issues presented by the pleadings are mutually disregarded, and evidence not competent under the pleadings is admitted, it is erroneous to refuse an instruction based on such evidence. 11 Ency. Pl. & Pr. 166. The reason for this rule is stated in 2 Thompson on Trials, § 2310, to be:

"The object of pleadings being merely to notify the opposite party of the ground of action or defense, if the party comes into court, it is not perceived why he may not waive the notice as in every other case, although the pleading may not advise him of the case or defense which is actually tendered in the evidence. Several of the best courts in the country proceed upon this enlightened view. The sound view is believed to be that the instructions have no connection with the pleadings, except through the evidence. The jury 'find from the evidence,' and not from the pleadings. The pleadings are intended to apprise the opposite party of the ground of action or defense and to guide the court in admitting or rejecting evidence. The jury have nothing to do with them," etc.

See, also, Higdon v. Kennemer, 112 Ala. 351, 20 South. 470; McCalman v. State, 96 Ala. 98, 11 South. 408; Billingsley v. State, 96 Ala. 126, 11 South. 409; Watson v. Simmons, 91 Ala. 567, 8 South. 347.

It is unnecessary to consider the other questions raised.

Reversed and remanded.

BROWN, P. J., and SAMFORD, J., concur in the conclusion that the demurrers to counts 2 and 5 of the complaint, taking the point that one of the alternative averments designed to show that the road in question was

a public road, to wit, "or has been generally used by the public for twenty years continuously," was not sufficient, and that the demurrers should have been sustained. Ordinarily, where the action is for damages to person or property, resulting from a tort occurring on a public highway, it is sufficient to aver in terms that the road is a public road. Seaboard Air Line R. R. Co. v. Emfinger, 77 South. 415;[1] B. R., L. & P. Co. v. Fox, 174 Ala. 657, 56 South. 1013; B. & B. R. R. Co. v. Feast, 192 Ala. 410, 68 South. 294; Montgomery Street Ry. Co. v. Shank, 139 Ala. 489, 37 South. 166; B. R., L. & P. Co. v. Clark, 148 Ala. 673, 41 South. 829; Southern Ry. Co. v. Crenshaw, 136 Ala. 573, 34 South. 913. But the plaintiff, having undertaken to state the quo modo of the establishment of the road, must state it with that certainty requisite to good pleading. Spalding Mfg. Co. v. Larren, 77 South. 971;[2] Woodward Iron Co. v. Marbut, 183 Ala. 310, 66 South. 804; Town of Cullman v. McMinn, 109 Ala. 604, 19 South. 981.

[4] The other question discussed in the opinion relative to the failure of the plaintiff to have an automobile registered and licensed is not presented on this appeal. The statute provides that, if the defendant "does not rely solely on a denial of the plaintiff's cause of action [he] must plead specially the matter of defense." Code, § 5331; K. C., M. & B. R. R. v. Crocker, 95 Ala. 412, 11 South. 262.

[5] While it is settled by the authorities that, when it is manifest from the record that an action has been tried to its conclusion as if a defense which the law requires to be specially pleaded is an issue in the case, though the record shows only the general issue pleaded, the appellate court will review the ruling of the trial court as to such defense as if it had been specially pleaded. Richmond & Danville R. R. Co. v. Farmer, 97 Ala. 141, 12 South. 86; K. C., M. & B. R. R. Co. v. Burton, 97 Ala. 240, 12 South. 88; Gainer v. Southern Ry., 152 Ala. 186, 44 South. 652; K. C., M. & B. R. R. v. Crocker, supra.

This rule is not applicable where it is sought to put the trial court in error on a ruling with respect to such defense, unless it affirmatively appears from the record that the trial court took cognizance of the defense and treated it as an issue in the case. In Farmer's Case, supra, it is said:

"It is evident from the character of the evidence introduced without objection, from portions of the charge given ex mero motu by the court, to which there was no exception, and from the charges given at the request of both the plaintiff and defendant, that the question of contributory negligence was an issue in the case and tried under the general issue of not guilty."

In the Burton Case, supra, the court said:

"The record before us brings this case clearly within that of Richmond & Danville R. R. Co. v. Farmer, ante [97 Ala.] 141 [12 South. 86], quite recently decided, where it is said: 'Where it is manifest from the record that both parties without objection have tried a case for personal injuries to its conclusion as if upon issue joined upon the plea of contributory negligence, although the record shows no other plea than the general issue, this court has often reviewed the rulings of the trial court as if such issue had been specially pleaded.' * * * And it being apparent from the evidence introduced without objection in the Farmer Case, supra, 'from portions of the charge given ex mero motu by the court, to which there was no exception, and from the charges given at the request of both the plaintiff and defendant, that the question of contributory negligence was an issue in the case and tried under the general issue of "not guilty,"' the rulings of the trial court with reference to that question were reviewed here as if the special plea had been regularly filed and issue taken thereon. In the case at bar that issue was first gone into by the plaintiff himself by the introduction of evidence tending to show due care and diligence on his part; and evidence to the contrary offered by the defendant was admitted without objection, and charges were given at the request of both the plaintiff and defendant, and doubtless also by the court of its own motion, declaratory of the law applicable to that defense. And while adhering to the conclusions reached in the case of K. C., M. & B. R. R. Co. v. Crocker, 95 Ala. 412 [11 South. 262], we will try this appeal on the issues upon which by common consent the case was tried below, and review the rulings there had relative to the defense of contributory negligence." 97 Ala. 253, 12 South. 88.

[6] On the other hand, to avoid the imputation of error, where it appears that evidence tending to sustain a defense appropriate to the action not admissible under the general issue, was admitted without objection, the presumption will be indulged, in the absence of an affirmative showing to the contrary, that a proper plea was filed, or that such plea was waived. K. C., M. & B. R. R. Co. v. Crocker, supra; Gainer v. Southern Ry., supra; B. R. L. & P. Co. v. Girod, 164 Ala. 10, 51 South. 242, 137 Am. St. Rep. 17; City Loan & Banking Co. v. Byers, 1 Ala. App. 583, 55 South. 951; Browning v. Fies, 4 Ala. App. 580, 58 South. 794.

[7] The only matter presented in this record to invite consideration of the defense that the plaintiff was operating an unlicensed and unregistered automobile is the statement in the bill of exceptions that the plaintiff admitted on cross-examination that he had not procured such license, and the refusal of a special charge requested by the defendant (appellant), predicated on this evidence, embodying the proposition that, if plaintiff had not obtained a license to operate the automobile on the public road, his act was unlawful, and he could not recover. The appeal is by the defendant, and in preparing the bill of exceptions it was not incumbent upon the defendant to state objections made by the plaintiff, where the ruling was in favor of the defendant, and what was said in K. C., M. & B. R. R. v. Crocker, supra, is here appropriate:

"Of course, no exception of the plaintiff which was not sustained is shown in the defendant's bill of exceptions. If the plaintiff objected to all of the evidence offered by the defendant and admitted on the question of contributory negligence, the defendant's bill of exceptions would not show that such objection was made. There is nothing in it to show that the

plaintiff did not object to any of the evidence admitted against him. It is not to be inferred that the plaintiff did not object because his objections do not appear in the defendant's bill of exceptions, where it is not to be supposed that they would be noted if they were unavailing." 95 Ala. 412, 11 South. 262.

On the other hand, the refusal of the special charge requested by defendant and the ex mero motu charge of the court, which appears in the bill of exceptions, clearly show that the trial court took no notice whatever of this question.

To lay down a rule that the judgment of the trial court would be reversed for the refusal of the special charge or other ruling under such circumstances would result in destroying one of the logical results and purposes of pleading, which is to define the issues in a case and to guide the trial court in the admission of evidence, and instructions to the jury, and, when followed to its final analysis, would result in reversals, where there was a scintilla of evidence admitted appropriate to a special defense, although the trial court took no notice of such defense and submitted the case to the jury on issues as embodied in the pleadings.

As we interpret the report of the case of Bomar v. Rosser, 131 Ala. 215, 31 South. 430, it is not in conflict with the views above stated. In that case we find this peculiar statement of facts:

"Demurrers to the replication setting up this defense by way of set-off were sustained, but evidence was received without objection tending to prove the set-off and to overcome the effect of the replication."

From this we assume that the record affirmatively showed that the evidence was admitted without objection, and from the entire report of the case we also assume that the record further affirmatively showed that the trial court dealt with this issue in submitting it to the jury. To construe it otherwise would put the Supreme Court in the position of allowing the appellant, who was the defendant in the court below, to take advantage of his own wrong and negligence. In that case the issue was eliminated at appellant's instance, and, after eliminating the issue, he certainly would not be allowed to put the trial court in error by his failure to object to evidence that tended to sustain such issue by requesting a charge appropriate thereto, unless the trial court in submitting the case to the jury took notice of this issue and submitted it to the jury, regardless of the fact that a demurrer to the replication had been sustained.