Ivens v. The Cincinnati, Wabash and Michigan Railway Company.

Filed Sept. 18, 1885.

---

No. 11,061.

IVENS v. THE CINCINNATI, WABASH AND MICHIGAN RAILWAY COMPANY.

PLEADING.— *Specific Statements Control General Averments.*—Specific statements of facts in a pleading control general averments therein.

RAILROAD.—*Negligence.*— *Wilful Injury.*—*Pleading.*—Where the specific facts set out in a paragraph of complaint do not make a case of wilful injury,

it will be treated as one charging negligence merely, notwithstanding general allegations of wilfulness.

SAME.—*Contributory Negligence.*—*Trespasser.*—*Signals.*—Where a person goes upon a railroad track between stations, at a place where he has no right to be, without looking or listening for approaching trains, and is injured, he can not recover against the company in the absence of wilfulness, notwithstanding a failure to give the signals required by law.

From the Huntington Circuit Court.

*J. Brownlee,* for appellant.

*C. Cowgill, H. B. Shiveley* and *C. E. Cowgill,* for appellee.

ZOLLARS, J.—Appellant was injured in a collision with one of appellee's trains, and brought this action to recover damages. A demurrer was sustained to the second paragraph of his complaint. That ruling presents the only question for decision here. In the formal part of the paragraph, it is charged that appellee, by its agents and servants, wrongfully, negligently, carelessly, wilfully and purposely, ran one of its trains upon appellant, and wounded and crippled him, without any negligence on his part. Immediately following this is the averment, "which injury was done and caused as follows:" (Here follows a specific statement of all the circumstances under which the injury was received.) The leading facts in this specific statement may be summarized as follows: Appellee had a depot east of and near to the town of Fairmount. The railroad track extends north and south. Appellee's trains were accustomed to stop at the depot to receive and discharge passengers and freight, and to take water. Appellant resided in the town, and had to cross the railroad in reaching a flax-straw mill, where he was at work, about one hundred and fifty yards northeast of the depot. On the morning of the injury, he, with others, crossed the track and went to the mill. After they had reached the mill, they were directed to go to a field situated on the west side of the railroad track, and about five hundred yards north of the depot. In going to the field, they went west to the railroad track, and appellant walked north upon a side-track for about one

hundred and fifty yards, to a junction of the side-track with the main track. From this point, he walked north on the main track about fifty feet, at which place and time he was struck by the train going north from the depot. When he went upon the track, he did not know that a train had arrived at the depot. No signals of the arrival or departure of the train were given. It is averred that he knew of the duty of the company to give signals, and relied upon the performance of that duty, and that if such signals had been given, he would not have gone upon the track, or would have left it. From the depot to where appellant was injured, the track is straight, with nothing to obstruct the view. It is averred further, that the only convenient, passable, proper and usual way north from the depot, and a public highway, to and beyond where appellant was injured, is upon the railroad track, there being no room or space on either side thereof for persons to pass and repass.

If the case is to be treated as one based upon negligence, it is very clear that the second paragraph of the complaint does not state a cause of action, because it shows that appellant was guilty of contributory negligence. There is a general averment that the injury was inflicted without any fault or negligence on the part of appellant. If the complaint had stopped there, it would have been sufficient as to the want of negligence on the part of appellant, under the rulings of this court. *City of Evansville* v. *Worthington,* 97 Ind. 282. The pleader, however, proceeded to state the specific facts and circumstances upon which the general averment is based. These specific statements must control the general averment, and they overthrow the general averment that appellant was injured without any fault or negligence on his part.

It appears from the specific averments, that appellee was guilty of negligence in not giving signals, and it also appears from them that appellant, without looking or listening for approaching trains, went upon and walked upon the railroad track between stations, and at a place where he had no right

to be.   He was thus not only guilty of negligence, but he was a trespasser upon the company's property.   There may arise cases where a reliance upon the giving of signals may have some bearing upon the question of the party's negligence, but clearly such a reliance will not justify any one in trespassing upon a railroad track, without any kind of precaution for his own safety.   It may be, too, that the railroad track was the most convenient way to the field, but neither this fact, nor the fact that appellant and others may have adopted it as a foot-way to the field, would change the relative rights of the parties as to the track.   Appellant was clearly guilty of negligence, as shown by the specific statement of facts, and hence can not recover upon the ground simply that appellee was guilty of negligence.   The doctrine of comparative negligence, as held by the Illinois court, has never been adopted in this State.  *Terre Haute, etc., R. R. Co.* v. *Graham,* 95 Ind. 286 (48 Am. R. 7.19), and cases there cited ; *Illinois Central R. R. Co.* v. *Hetherington,* 83 Ill. 510.   On the other hand, if the injury was wilfully inflicted, appellant may recover, although he may have been guilty of negligence.  *Terre Haute, etc., R. R. Co.* v. *Graham, supra,* and cases there cited.

Appellant's counsel contends that the paragraph of complaint under discussion makes a case of wilful injury.   Appellee's counsel contend that nothing more than negligence is charged.   This contention requires .a construction of the paragraph.   There is a general charge that appellee, by its agents and servants, " wrongfully, negligently, carelessly, wilfully and purposely," inflicted the injury, followed by the statement already set out, " which injury was done and caused as follows."   Following the specific facts, as we have already given them, is the following:   " Wherefore said plaintiff charges that the said defendant, by its said servants and agents, did then and there, in manner aforesaid, willingly, negligently, wrongfully and purposely, run said locomotive, on and against him, the said plaintiff, as aforesaid."

It is very apparent that the charge of wilfulness is based

upon the specific facts and wrongs charged. If these do not, as a matter of law, show that the injury was wilfully inflicted, the paragraph does not make a case of wilful injury. We think that it does not. It is not charged that appellee's agents and servants saw appellant upon the track, or knew that he was there. The charge is that the track was straight, with nothing to obstruct the view, and that no signals were given of the arrival of the train at the depot, nor of its departure therefrom. These are the only wrongs charged upon appellee in the specific statement of facts, and they are negative in character. Clearly, these omissions do not, as a matter of law, constitute wilfulness; and as they do not, the second paragraph of the complaint must be treated as one charging negligence only. So treated, it is insufficient, because it shows that appellant was guilty of contributory negligence. The demurrer, therefore, was rightfully sustained thereto.

Judgment affirmed, with costs.

