### ANDERSON v. PELHAM HOD ELEVATING CO. et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. MASTER AND SERVANT (§ 12*) — STATUTORY REGULATION — APPLICABILITY — "CONTRACTORS AND OWNERS."

 A contractor rented from a third person a hod elevator with appliances, which were installed in a building in process of construction. The contractor operated the elevator with his own employés, with the exception of the engineer who ran the engine, who moved the elevator as directed by signals given by the employés of the contractor. The compensation of the engineer was included in the rental for the machinery. The engineer was under the direction of the foreman and employés of the contractor. *Held*, that the third person was not a contractor and owner, within Laws 1899, p. 351, c. 192, § 20, requiring contractors and owners constructing buildings to inclose shafts or openings in each floor.

 [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 12.*]

2. MASTER AND SERVANT (§ 88*)—INJURY TO SERVANT—LIABILITY.

 A contractor rented from a third person a hod elevator with appliances. The elevator, from its installation in the building in process of erection, was operated by the contractor and his own employés, with the exception of the engineer, who ran the engine and who moved the elevator as directed by signals from employés of the contractor. An employé of a subcontractor was injured while in the cellar of the building in consequence of the elevator coming down and striking him. There was no sign, guard, or warning at the elevator shaft or elsewhere in the cellar. There was no question of negligence in the operation of the elevator, other than the failure to guard and warn. *Held*, that the third person was not liable for the injuries.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 144; Dec. Dig. § 88.*]

Action by John Anderson against the Pelham Hod Elevating Company and another. A judgment was directed for defendants, and plaintiff's exceptions were ordered to be heard in the first instance by the Appellate Division. Exceptions overruled, and plaintiff's motion for a new trial denied.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Alfred J. Gilchrist (Jacob Neu, on the brief), for exceptant.
Tallmadge W. Foster, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. This action was brought to recover damages for a personal injury alleged to have been sustained through the negligence of the defendants. At the close of plaintiff's evidence the trial court dismissed the complaint as to both defendants.

Reid & Co., were contractors engaged in the construction of a building on 135th street, in the borough of Manhattan. For the purpose of getting the required materials to the different floors of the building as it progressed, they rented from the defendant, the Pelham Operating Company, a hod elevator, with its appliances, which they operated with their own men, with the exception of an engineer, who ran the engine moving the elevator itself, as and when directed by signals given him by the employés of Reid & Co. from the different floors where they were working. The compensation of the engineer was included in the rental paid to the Pelham Operating Company. He was under the direction, in all things, of the foreman and employés of Reid & Co., and Mr. Reid testified that after the installation of the elevator it was operated by his men. The plaintiff was an ironworker, in the employ of the Howell Iron Company (which furnished and erected the structural ironwork of the building), and on the day of the accident he went to the cellar of the building for the purpose of getting a drink of water. While in the cellar the elevator came down, striking him and causing the injury for which he seeks to recover damages in this action. There was no work being done in the cellar at the time of the accident. There was no sign, guard, or warning, at the elevator shaft or at any other place in the cellar, directing attention to the elevator, or to any danger to be apprehended from its operation, or preventing a person from walking under the opening through which the elevator was lowered into the cellar. When the plaintiff rested his case, the defendant moved for a nonsuit. Counsel for the plaintiff conceded that there was no question of negligence in operation, other than the one of guard and warning, and the learned trial justice dismissed the complaint. All questions save the one of whether the elevator was without "proper guard or warning about its shaft or runway" were thus eliminated. It is not seriously contended that the dismissal as to the defendant, the Pelham Hod Operating Company, was improper. The defendant the Pelham Operating Company was not "the contractor or owner" required to cause the shafts or openings in each floor to be inclosed or fenced in on all sides, by the provisions of section 20, c. 192, of the Laws of 1899, which was the only statute upon the subject in force at the time of the accident. There is no proof of any negligence on the part of the engineer, and the cases cited in which liability of hod elevator companies has been predicated upon the negligence of their engineers in raising or lowering the elevator without or contrary to signals given are not applicable, even were it to be held that in his work the engineer operating the elevator was the servant of the defendant.

It is contended that outside of the statutory requirement, the duty rested upon those operating the elevator to guard against such danger as could or ought reasonably to be apprehended in the exercise of reasonable prudence and care. Conceding this rule of law to be cor-

rect, it has no application to this case, for it is shown that the defendant was not operating the elevator. From the time of its installation it had been operated by the contractor, Reid & Co., as testified to by Mr. Reid, and the liability, if any, for a negligent operation of the elevator at the time of the injury, rested upon that company, and not upon the defendant.

The plaintiff's exceptions must be overruled, his motion for a new trial denied, and judgment for the defendants may be entered, with costs. All concur.