## HAZLE v. SOUTHERN PAC. CO.

(Circuit Court, D. Oregon.   October 16, 1909.)

### No. 3,414.

1. RAILROADS (§ 394*)—INJURY TO PEDESTRIAN—ACTIONS—PLEADING—ALLEGA-
   TION OF WILLFUL AND WANTON INJURY.
      A complaint in an action against a railroad company to recover for an injury to plaintiff by being struck by an engine while crossing defendant's track by a footpath used generally by the public, which alleges that defendant's servants "wantonly and willfully and with gross negligence failed and omitted to keep any lookout from said locomotive or give any signal while approaching said crossing," is insufficient to charge willful and wanton negligence, the use of such words being insufficient to legally characterize the acts of defendant unless the requisite facts are set forth in connection therewith.
      [Ed. Note.—For other cases, see Railroads, Dec. Dig. § 394.*]

2. NEGLIGENCE (§ 11*)—"WILLFUL."
      A "willful" act is one that is done knowingly and purposely, with the direct object in view of injuring another.
      [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 13; Dec. Dig. § 11.*
      For other definitions, see Words and Phrases, vol. 8, pp. 7468, 7481, 7835, 7836.]

3. NEGLIGENCE (§ 11*)—"WANTON NEGLIGENCE."
      Wanton negligence consists in a heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to that other.
      [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 13; Dec. Dig. § 11.*
      For other definitions, see Words and Phrases, vol. 8, pp. 7385, 7832.]

Action by D. W. Hazle against the Southern Pacific Company. Demurrer to complaint overruled.

R. G. Smith, E. Kelley, and John A. Jeffrey, for plaintiff.
W. D. Fenton, R. A. Leiter, Ben C. Dey, and James E. Fenton, for defendant.

WOLVERTON, District Judge.  The question is presented here, by a demurrer to the complaint, whether the defendant was guilty of willful and wanton negligence in running its locomotive upon the plaintiff and injuring him, for which injury he claims damages.  The complaint shows that a pathway crosses the track of defendant's road within the boundaries of the city of Medford, which is and has

—————————————————————
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been used by the public for more than 10 years last past; and thereupon it proceeds as follows:

"That on the 5th day of October, 1908, the plaintiff, while crossing the railway track of the defendant at said crossing, was wantonly and willfully struck and knocked down by one of locomotives of the defendant, and his right foot and ankle and leg crushed, broken, and bruised, and divers other wounds and bruises inflicted upon the body of plaintiff through the willful and wanton negligence and carelessness of the defendant, its agents, servants, and employés, who wantonly and willfully, and with gross negligence, failed and omitted to keep any lookout from said locomotive or give any signal while approaching said crossing and the plaintiff, or warn the plaintiff by ringing a bell or blowing a whistle, or by flagman or otherwise, that it was dangerous or unsafe to cross by reason of the approach of said locomotive."

There are two ways in which willful and wanton injury may be made to appear: First, by an intentional act done with a purpose and design of doing the wrong or inflicting the injury ensuing. The doing of such an act the law denominates willful—that is, done knowingly and purposely, with the direct object in view of injuring another; and, second, by a reckless indifference or disregard of the natural consequence of doing an act or omitting to do an act, which is by some authorities denominated wanton negligence.

"In wanton negligence," it is said, "the party doing the act or failing to act is conscious of his conduct, and, without having the intent to injure, is conscious, from his knowledge of existing circumstances and conditions, that his conduct will likely or probably result in injury." Birmingham Railway & Electric Co. v. Bowers, 110 Ala. 328, 20 South. 345.

Such negligence consists in a heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to that other.

Now, if the present complaint be measured by these definitions, it will be found insufficient to charge willful and wanton negligence. However many times the words "willful" and "wanton" may be used, they do not legally characterize the acts of the defendant as willful and wanton unless the requisite facts are set forth in connection therewith to make them so in fact; otherwise, the charge amounts to no more than a legal conclusion. To say that defendant, its agents, servants, and employés, wantonly and willfully, and with gross negligence, failed and omitted to keep a lookout or to give a signal while approaching the crossing and plaintiff, or to warn plaintiff by ringing a bell or blowing a whistle, comes signally short of charging that defendant intentionally and purposely ran its engine upon plaintiff, or, being conscious that plaintiff might be injured, recklessly and heedlessly ran its engine upon the crossing regardless of results. The complaint is therefore insufficient upon this theory of the case. See Birmingham Railway & Electric Co. v. Bowers, supra; Louisville & Nashville Railroad Co. v. Anchors, Adm'r, 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116; Ivens v. Cincinnati, Wabash & Michigan Railway Company, 103 Ind. 27, 2 N. E. 134; Chicago & Eastern Illinois R. R. Co. v. Hedges, Adm'x, 105 Ind. 398, 7 N. E. 801.

I am of the opinion, however, that the complaint does state facts sufficient to constitute simple negligence, and the demurrer will, for this reason, be overruled.