came in, and receive and transmit orders over the telephone.   I agree
·with Mr. Justice LAUGHLIN that the question of reasonable time, if
that question became important, was one of law to be determined by
·the court.

It seems to me to be unnecessary to consider any question that plain-
tiff might have raised if he had appealed, or any question, other than
this above mentioned, which may arise upon the new trial.

INGRAHAM and CLARKE, JJ., concur.

---

### SABATINO v. ROEBLING CONST. CO.

(Supreme Court, Appellate Division, Fourth Department.   January 12, 1910.)

1. MASTER AND SERVANT (§ '278*)—INJURY TO SERVANT—EVIDENCE OF NEGLI-
   GENCE.
      Evidence in an action for injuries to a servant *held* insufficient to show
   that the injuries were caused by the negligence of the master, though the
   elevator shaft about which plaintiff was employed was not guarded as re-
   quired by law.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 950,
   952, 954, 959, 970, 976; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 217*)—INJURY TO SERVANT—ASSUMPTION OF RISK.
      A servant, who remained at work about an elevator shaft which was.
   not guarded by barriers as required by law, assumed the risk of injury.
      [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–
   600; Dec. Dig. § 217.*]

      Spring, J., dissenting.

Appeal from Trial Term, Monroe County.

Action by Innoncenzo Sabatino against the Roebling Construction
Company.   Plaintiff had judgment, from which, and an order deny-
ing a motion for a new trial on the minutes, defendant appeals.   Re-
versed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,.
KRUSE, and ROBSON, JJ.

Satterly, Bissell, Taylor & French and Fred C. Goodwin, for ap-
pellant.

Wm. J. Maloney, for respondent.

WILLIAMS, J.   The judgment and order should be reversed, and
a new trial granted, with costs to appellant to abide event.

The action is for damages for personal injuries alleged to have been
caused by the defendant's negligence.   A hoisting device, or elevator,.
being used by defendant in the construction of the Hotel Seneca, fell,.
while being changed, and struck plaintiff, causing the injuries com-
plained of.   It had been in use for hoisting materials to the eighth.
floor, and the change was to enable it to be used for hoisting to the·
seventh floor.

The defendant failed to comply with the labor law with reference to·
hoisting apparatus or elevators used in a building in the course of its
construction.   The openings or shafts were not inclosed or fenced at.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

all. The court left it to the jury to find whether this failure constituted negligence which caused the injury, and whether the plaintiff assumed the risk of the absence of these barriers. The jury found for the plaintiff on these questions. They are both troublesome. It was well enough to find that the failure to comply with the labor law was negligence, but it is difficult to see how the absence of these barriers was the cause of plaintiff's injuries. The barriers on two sides were required to be adjustable, and from three to four feet from the floor, and two feet from the opening. It would seem that the plaintiff could, with the barriers present, have put his body inside the shaft, so as to be struck by the falling elevator, as he was at this time, and would just as likely have done so. And as to assumed risk, the plaintiff knew that there were no guards or barriers about the openings as required by the labor law. How could it be said that he did not appreciate the dangers of operating or changing the elevators without them? It seems to me, for these reasons, there was a failure to establish legal liability upon this branch of the case.

A further ground of negligence on the part of the defendant, submitted to the jury, was under the employer's liability act—the failure of a superintendent, or person acting as such, to require the change of the elevator to be made in a reasonably safe way. Very likely the man Mapes could properly be found by the jury within this statute and negligent in the respect complained of; but we cannot say whether the jury found negligence under the labor law or the employer's liability act. Both were submitted to them, and there were no special findings; only a general verdict. We think upon the evidence liability under the labor law was not established, and therefore a new trial should be had.

We do not pass upon the question of contributory negligence in placing plaintiff's body within the opening, and under the elevator, which he knew was being changed. This is a close question also. It will arise if another appeal is taken to this court, and will be determined upon the evidence then in the record.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.

ROBSON, J., concurs. McLENNAN, P. J., concurs in result, on the ground defendant was not shown to be guilty of negligence; and KRUSE, J., in result, on the ground that plaintiff assumed the risk. SPRING, J., dissents, and votes for affirmance.