RUTH A. EGAN, as Administratrix of the Estate of EDWARD EGAN, Deceased, Respondent, v. THOMPSON-STARRETT COMPANY, Appellant.

Negligence — master and servant — when reversible error to permit jury to consider question which could have no relation to accident.

Where in an action for the death of an employee, who while working about an elevator shaft was struck by a descending elevator and killed, it appears, upon examination of the evidence, that whether a certain barrier was or was not constructed in compliance with the requirements of the Labor Law, could have no relation to the accident, which might have happened even though the barrier had been in strict compliance with the statutory provisions, it is

reversible error for the court to permit the jury to consider whether or not the barrier complied with the statute, and to predicate negligence on the part of defendant in case of non-compliance therewith.

*Egan* v. *Thompson-Starrett Co.*, 153 App. Div. 891, reversed.

(Argued May 1, 1913; decided June 17, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James J. Mahoney, George J. Stacy* and *M. J. Wright* for appellant. It was error to submit the case under the Employers' Liability Act. (*Carron* v. *Standard Refrigerating Co.*, 138 App. Div. 723; *Nappa* v. *Erie R. R. Co.*, 195 N. Y. 176; *Fahey* v. *N. A. Gas Co.*, 134 App. Div. 611.) The errors in the charge require a reversal of the judgment. (*Bond* v. *Smith*, 113 N. Y. 378; *Ruppert* v. *B. H. R. R. Co.*, 154 N. Y. 90; *Rooney* v. *Brogan Construction Co.*, 194 N. Y. 32; 147 App. Div. 68; *Sabatino* v. *Roebling Constr. Co.*, 136 App. Div. 217; *Lynch* v. *Elekton Manufacturing Co.*, 195 N. Y. 171; *O'Donnell* v. *Inter. Nav. Co.*, 49 App. Div. 408; *Sutherland* v. *Ammann*, 112 App. Div. 332; *Fitzgerald* v. *Newton Falls Paper Co.*, 204 N. Y. 184; *Broadbent* v. *N. Y. Evening Journal Pub. Co.*, 147 App. Div. 133; *Chisholm* v. *Manh. Ry. Co.*, 116 App. Div. 320.)

*Francis X. McCollum* for respondent. The arrangement and position of the guard, maintained by defendant in front of the shaft where decedent was at work, constituted negligence on the part of the defendant which caused the accident both at common law and under the Employers' Liability Act. (*Larkin* v. *Washington Mills*, 45 App. Div. 6; *Phillips* v. *N. Y. C. & H. R. R. R. Co.*, 127 N. Y. 657; *Hawley* v. *City of Gloversville*, 4 App. Div. 343; *Lipstein* v. *Provident Loan Assn.*, 139 N. Y.

Supp. 799; *Bellegarde* v. *Union Bag, etc., Co.,* 90 App. Div. 577; 181 N. Y. 519; *Waterford & Whitehall Turnpike* v. *People,* 9 Barb. 161; *Kaiser* v. *Reid-Palmer, etc., Co.,* 78 Misc. Rep. 393; *Tamaseric* v. *Beckwith,* 145 App. Div. 78; *Marie* v. *Garrison,* 83 N. Y. 23.)

HOGAN, J.   In April, 1911, the defendant was engaged in the erection of a municipal building in the city of New York. In the course of the work defendant had constructed elevator shafts, and in such shafts, known as numbers 3 and 4, hoist elevators were in use for the purpose of the delivery of materials to the floors where the same were required to be used. The two wells or shafts were side by side. On the tenth floor of the building, on the easterly and westerly sides, the shafts were protected by boards securely fastened, and on the northerly and southerly sides defendant had placed a plank extending across the opening of both shafts which was attached to the frame work of the shafts with a clamp and a slot to raise and lower the same. The plank could be raised to a height of six or seven feet when necessary to remove materials from the hoist elevator. When lowered the plank rested at a height of three and one-half feet above the place where the floor was to be laid. On the day in question the hoist in shaft number 3 had been running to the eleventh floor for about one hour prior to the accident. The hoist in shaft number 4 was employed in carrying materials to the tenth floor and a signal man in charge of the latter shaft was employed on that floor. The plank guard was raised to a height of about six feet. The plaintiff's intestate, an ironworker, in the employ of defendant, was at work on the tenth floor of the building engaged in placing a nut on a tie rod in the shaft number 3. His hand was underneath the iron beam adjacent to the well and his head and shoulders protruded into the shaft. While in that position the hoist in shaft number 3 descended and struck him and the injuries received by him resulted in

his death immediately thereafter. This action was brought to recover damages occasioned by his death.

Upon the trial the defendant did not introduce any evidence; a verdict was rendered in favor of the plaintiff, and the judgment thereon was affirmed by the Appellate Division by a divided court.

The plaintiff asserted that defendant was guilty of negligence among other reasons for a failure to comply with section 20 of the Labor Law (Cons. Laws, ch. 31) which provides in substance that if elevators or elevating machines or hoisting apparatus are used within a building in the course of construction the contractors or owners shall cause the shafts or openings in each floor to be inclosed or fenced in on all sides by a barrier at least eight feet in height, except on two sides, which may be used for taking off or putting on materials, and those sides shall be guarded by an adjustable barrier not less than three or more than four feet from the floor and not less than two feet from the edge of such shaft or opening.

What precautions, if any, were taken by defendant to warn plaintiff's intestate of the descent of the hoist the record does not disclose. There was evidence tending to show that the barrier at shaft number 3 was only six inches from the opening into the shaft, and it was also claimed by plaintiff that the statute contemplated a separate guard for each shaft and that only one plank was used to guard the opening of the two shafts.

The trial justice called the attention of the jury to the statute in question and the alleged violation of the same by the defendant and left it to the jury to determine as a question of fact whether or not the barrier was constructed and arranged in accordance with the terms of the statute and was a substantial compliance therewith. He also charged the jury that if they were satisfied that the arrangement and construction of the barrier was negligent and that such negligence was the proximate cause of Edward Egan's death, then they might find for the

8

plaintiff on that particular point providing the plaintiff's intestate himself was free from negligence which contributed to the accident.

The court refused to charge the defendant's request (No. 10), which was as follows: "No violation of section 20 of the Labor Law relative to guarding the shaft even if one be found, was the proximate cause of the accident," to which exception was taken by the defendant.

Counsel for the defendant also took exception to the court's charge in submitting the question to the jury whether or not there was a violation by the defendant of section 20 of the Labor Law and permitting the jury to find, if they found a violation of that section, that there was negligence upon the part of the defendant upon which a verdict might be based, The court modified his instructions to the jury by saying that the jury might consider that evidence in determining whether the deceased was justified from the absence of the barrier at the three and one-half feet height in extending his body out into the shaft, to which modification counsel for the defendant excepted.

Whether the barrier was or was not a compliance with the statute could not have any relation to the accident. If the barrier had been in strict compliance with the provisions of the Labor Law, the accident might have resulted as a safety device could not afford protection to the deceased in view of the fact that the work on which he was engaged necessitated his presence upon the very edge of the shaft inside any barrier which might be erected pursuant to the provisions of the statute. As the jury might have decided the case upon this erroneous theory, we deem it sufficient error for a reversal of the judgment and the granting of a new trial, costs to abide event.

CULLEN, Ch. J., WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur; WERNER, J., concurs in result.

Judgment reversed, etc.