(Supreme Court, Trial Term, Rensselaer County. July, 1915.)

1. NEGLIGENCE ☞103½—ACCIDENT IN ANOTHER STATE—ACTION—WHAT LAW GOVERNS.

An action brought in New York for injuries sustained through negligence growing out of an accident in Massachusetts is governed by the law of Massachusetts.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 170; Dec. Dig. ☞103½.]

2. HIGHWAYS ☞183—UNREGISTERED AUTOMOBILE—RIGHT TO PROTECTION.

In Massachusetts, an unregistered automobile, though a trespasser on the highway, is entitled to be protected from reckless and wanton injury.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 470; Dec. Dig. ☞183.]

3. HIGHWAYS ☞183—AUTOMOBILE ACCIDENT—COLLISION—ACTIONABLE NEGLIGENCE—VIOLATION OF STATUTE.

In an action for damages to an automobile from collision with defendant's automobile on a highway in Massachusetts, proof merely that plaintiff's automobile was not registered as required by Massachusetts Motor Vehicle Law (St. 1909, c. 534) §§ 9, 10, was not sufficient to charge plaintiff with contributory negligence in connection with the accident.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 470; Dec. Dig. ☞183.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. HIGHWAYS ☞184—COLLISION BETWEEN AUTOMOBILES—RECKLESS AND WANTON NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to an automobile from collision on a Massachusetts highway with defendant's automobile, which was coming down hill at a speed of 50 or 60 miles an hour, due to the emergency brake being broken, to the driver's knowledge, the question whether defendant's driver was guilty of reckless and wanton negligence was for the jury.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 471–474; Dec. Dig. ☞184.]

5. NEGLIGENCE ☞11—"RECKLESSNESS"—"RECKLESSLY."

"Recklessness" is not ordinary negligence, but is an indifference to the rights of others and to whether or not wrong is done. It does not necessarily mean that the act is done intentionally or purposely. "Recklessly," when used conjunctively with "wantonly," always means more than negligence. It does not necessarily mean illegality, but means heedlessness, carelessness, rashness, or indifference to consequences.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 13; Dec. Dig. ☞11.

For other definitions, see Words and Phrases, First and Second Series, Reckless.]

6. NEGLIGENCE ☞11—"WANTON NEGLIGENCE."

"Wanton negligence" is an act of one who, without having the intent to injure, is conscious from his knowledge of the existing circumstances and conditions that his conduct will naturally and probably result in injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 13; Dec. Dig. ☞11.

For other definitions, see Words and Phrases, First and Second Series, Wanton Negligence.]

Action by the United Transportation Company against John D. Hass. Verdict for plaintiff, and defendant moved to set aside the verdict and to dismiss the complaint. Motion denied.

Visscher, Whalen & Austin, of Albany (J. Harris Loucks, of Albany, of counsel), for plaintiff.

G. B. Wellington, of Troy, for defendant.

RUDD, J. The issues in this cause were tried before a jury, resulting in a verdict in favor of the plaintiff. The facts briefly are that on September 7, 1914, in the city of Pittsfield, Mass., the motor bus of plaintiff was in collision with the automobile of the defendant, resulting in practically destroying the bus. This action is for the recovery of damages represented by the value of the bus alleged to have been sustained by the plaintiff as its owner.

The plaintiff is a New York corporation. The defendant is a resident of this state. The plaintiff operated the bus as a carrier of passengers between Albany and Pittsfield, and it was so operated practically each day from June 1, 1914, to the day of the accident. The bus was not registered in the state of Massachusetts, and the driver of the bus was not licensed in that state.

Section 9 of the Massachusetts Motor Vehicle Law (St. 1909, c. 534) provides that no motor vehicle shall be operated after December 31, 1909, unless registered. Section 10 of the same act provides that no person shall operate a motor vehicle unless licensed. Under the

Massachusetts Motor Vehicle Law a New York state corporation could operate a motor vehicle in the state of Massachusetts without registration, provided the statutes of the state of New York permitted a Massachusetts corporation to operate a motor vehicle within the state of New York without registration here. If under the laws of the state of New York a Massachusetts corporation could not operate a motor bus in the state of New York without registration in the state of New York, then under the laws of Massachusetts a New York state corporation could not operate a motor bus within the state of Massachusetts without there registering.

There is a reciprocal relation between the states which is not applicable to the question which arises in this litigation, for this reason: The Massachusetts statute fixes the period of 10 days' limitation upon those known under the law as nonresidents; that is to say, a person having a home outside of Massachusetts can operate a car registered in New York for a period of 10 days without registration in Massachusetts. After the expiration of such period the person ceases to be classed among those who are nonresidents and the privilege extended by the Massachusetts law ceases.

In the case here under consideration the plaintiff's motor bus had been operated from June until September 7th, when the accident happened, without registration in the state of Massachusetts. The plaintiff, therefore, was not entitled to the privilege extended under the reciprocal arrangement, and therefore the plaintiff was operating on the day in question in the state of Massachusetts a car unregistered in the state of Massachusetts, with a chauffeur unlicensed in the state of Massachusetts, as against the prohibition contained in section 9 of the Motor Vehicle Law of the state of Massachusetts.

The defendant moves to set aside the verdict and for a dismissal of the complaint. He bases his application entirely upon the situation which has developed with reference to the alleged violation of the statute of Massachusetts, and raises for consideration here alone the question as to what effect the violation of the Massachusetts law has upon the plaintiff's rights at the time of the accident. The defendant contends in the motions here made that the plaintiff cannot recover, for the reason that it was not only a trespasser upon the highway, but also that it was a violator of the law, and entitled at no time to protection while thus using the highway of the state of Massachusetts.

[1] An action for injuries sustained through alleged negligence, brought in this state, growing out of an accident in another state. is governed by the law of the jurisdiction where the accident happened. Jessup v. Carnegie, 80 N. Y. 441, 36 Am. Rep. 643. The construction of the Motor Vehicle Law of the state of Massachusetts by the highest court of that state is binding upon the courts of this state.

[2] We therefore come for guidance in the determination of the question here presented to the law of the state of Massachusetts, as pronounced by the Supreme Judicial Court of that state. Our attention has been called to many cases, all of which we have read and carefully considered, and it is certainly fair to say that some confusion has heretofore existed.

In Dudley v. Northampton St. R. Co., 202 Mass. 443, 89 N. E. 25, 23 L. R. A. (N. S.) 561, the action was for personal injuries because of a collision between an automobile and an electric street car. Plaintiff was a resident of Connecticut, his machine was there registered, and he had a right to operate within Massachusetts for a period not exceeding 15 days. The accident happened on the sixteenth day. He was therefore unregistered in the state of Massachusetts or unprotected. The court stated:

"The Legislature, in the opinion of a majority of the court, intended to outlaw unregistered machines, and to give them, as to persons lawfully using the highways, *no other right than that of being exempt from reckless, wanton, or willful injury.*"

The defendant under this authority would have no right to run his car into the plaintiff's machine wantonly or recklessly.

Feeley v. City of Melrose, 205 Mass. 329, 91 N. E. 306, 27 L. R. A. (N. S.) 1156, 137 Am. St. Rep. 445, was an action for injuries sustained because of alleged defect in the highway; the automobile was not licensed; the court held that a traveler in an unlicensed automobile was not lawfully upon the highway as a traveler and therefore could not recover. That is not this case at all.

In Chase v. New York Central & H. R. R. Co., 208 Mass. 137, 94 N. E. 377, the plaintiff in an unregistered machine went upon the grade crossing, was hit by an approaching locomotive engine, and the court held that as he was upon the highway in an automobile which was not registered according to the statutory requirements he had not the rights of a traveler lawfully upon the public way. Chief Justice Knowlton, in writing the opinion, said, referring to the driver of the automobile:

"Hancock, in operating an automobile that was not registered, was acting in violation of law. Neither he nor the others in the automobile, of whose person he·had charge in running the machine, can recover under the statute, if his *unlawful act* contributed to the injury. Under the early decisions in this commonwealth, it is too plain for argument that such unlawful conduct would preclude recovery. Under later decisions, the distinction between unlawful conduct which is a cause of an injury and that which is a mere condition of it has been thoroughly established in the law of this commonwealth. Newcomb v. Boston Protective Department, 146 Mass. 596 [16 N. E. 555, 4 Am. St. Rep. 354]; Black v. New York, New Haven & Hartford Railroad, 193 Mass. 448 [79 N. E. 797, 7 L. R. A. (N. S.) 148, 9 Ann. Cas. 485]; Farrell v. B. F. Sturtevant Co., 194 Mass. 431, 434 [80 N. E. 469]. In many other states, in determining whether an unlawful act is a direct and proximate cause of an injury, the tendency of the decisions is towards the establishment of the doctrine that, if there is an unlawful element in an act, which in a broad sense may be said to make the act unlawful, this will not preclude recovery unless the unlawful element or quality of the act contributed to the injury, so that, if the act of a plaintiff may be considered apart from a certain unlawful quality that may enter into it, and if so considered there is nothing in it to preclude recovery, the existence of the unlawful quality is of no consequence unless in some way it had a tendency to cause the injury. It would not be easy to reconcile all the decisions in this commonwealth."

We certainly agree with the learned court in this last expression; it is not easy to reconcile all the decisions of the commonwealth of

Massachusetts. Following the quotation above, on the same page of the opinion, we find this:

"Under the decisions, the operation of the unregistered automobile is deemed to be unlawful in every feature and aspect of it. Everything in the conduct of the operator that enters into the propulsion of the vehicle is under the ban of the law. In going along the way and entering upon the crossing the machine is an outlaw. The operator, in running it there and thus bringing it into collision with the locomotive engine, is guilty of conduct which is permeated in every part by his disobedience of the law, and which directly contributes to the injury by bringing the machine into collision with the engine. He is within the words of the statute. *He is in no better condition to recover than a person would be who was violating the law by walking on the track of a railroad, and was struck by an engine when he had reached the crossing of a highway.* Every minute of the time, and in every part of his movement, while walking upon the track in his approach to the crossing, he would be a violator of law and a trespasser. His unlawful act, in walking to that point and thus coming into collision with the engine, would directly contribute to his injury, and would preclude him from recovery."

There is but small doubt that an unregistered automobile is a trespasser upon the highway, and it must be true that the operator or occupant is in no better condition to recover than a person would be who was violating the law in walking on the track of a railroad; but even a person thus trespassing, as against what would really be found to be a willful, wanton, and reckless act of another, is entitled to some protection.

In Bourne v. Whitman, 209 Mass. 155, 171, 95 N. E. 404, 408 (35 L. R. A. [N. S.] 701), the court says:

"We think that the operation of a car without a license, while it is a punishable act, does not render the operator a trespasser on the highway, but that the illegal element in the act is only the failure to have a license while operating it, so that if the operation and movement contributed to the accident with which the want of a license had no connection, except as a mere condition, they would not preclude the operator as a plaintiff from recovery. If the illegal quality of the act had no tendency to cause the accident, the fact that the act is punishable because of the illegality ought not to preclude one from recovery for harmful results to which, without negligence, the innocent features of the act alone contributed."

The court further says:

"The other part of this statute, relative to the licensing of automobiles, has been construed differently. In Dudley v. Northampton Street Railway, 202 Mass. 443 [89 N. E. 25, 23 L. R. A. (N. S.) 561], because of the peculiar provisions of the statute and the damages and evils that it was intended to prevent, it was decided, after much consideration, that the having of such a machine in operation on a street, without a license, was the very essence of the illegality, and that the illegality was inseparable from the movement of the automobile upon the street at any time, for a single foot; that in such movement the machine was an outlaw, and any person on the street as an occupant of the automobile, participating in the movement of it, was for the time being a trespasser. Some of us were disinclined to lay down the law so broadly, and the opinion of the court was not unanimous; but the doctrine has been repeatedly reaffirmed and is now the established law of the commonwealth."

The court then cited, as its authority for the statement that the doctrine has been repeatedly affirmed, Feeley v. City of Melrose, 205 Mass. 329, 91 N. E. 306, 27 L. R. A. (N. S.) 1156, 137 Am. St. Rep. 445; Chase v. New York Central & H. R. R. Co., 208 Mass.

137, 94 N. E. 377, both of which cases have been above referred to.

But then, notwithstanding the pronouncement of the court to the effect that the law had been established beyond question concerning unregistered automobiles, still later in Love v. Worcester Consolidated St. R. Co., 213 Mass. 137, 99 N. E. 960, the court held that, if an automobile was unlawfully upon a highway, the defendant owed to the plaintiff no other duty than that of abstaining from injuring him by wantonness or recklessness. So we see by this last authority that after all an injured person who is traveling in an unregistered automobile is protected to the extent that he cannot be injured as the result of wantonness or recklessness. He is not such an outlaw, even in Massachusetts, that he can be thus treated with impunity.

And again in the same volume, in Holland v. City of Boston, 213 Mass. 560, 100 N. E. 1009, the court held that an unregistered automobile upon the highway running against a rope which was stretched across the street where an excavation had been made was the act of a mere trespasser, *who could have against any one no other right than to be exempt from reckless, wanton or willful injury*—citing Chase v. New York Central, Bourne v. Whitman and Dudley v. Northampton Street Railway as authorities upon this proposition.

The last pronouncement which we find by the courts of Massachusetts is the opinion of Chief Justice Rugg in Dean v. Boston Elevated R. Co., 217 Mass. 495, 498, 105 N. E. 616, 617. The Chief Justice says:

"The automobile in which all the plaintiffs were riding having been unregistered, all its occupants were trespassers upon the highway, and had no rights against other travelers, *except to be protected from reckless or wanton injury*. This was established in Dudley v. Northampton Street Railway, 202 Mass. 443 [89 N. E. 25, 23 L. R. A. (N. S.) 561], and has been followed in numerous cases since, which are collected in Holden v. McGillicuddy, 215 Mass. 563, 565 [102 N. E. 923]."

We have a right, therefore, relying upon the expression of Chief Justice Rugg, to conclude that what is meant by the decisions of the state of Massachusetts is that an unregistered automobile has no rights against other travelers, except to be protected from reckless or wanton injury.

[3] It seems as if the real consensus of opinion of the courts of Massachusetts upon the varied situations which have arisen, where an unregistered motor vehicle has been operated upon the highway, is after all a distinction "between criminality which is a cause and criminality which is a mere condition of an injury for which recovery is sought," and that really the question is whether the illegality of the plaintiff's act was the cause or directly contributed to the injury. That cannot alone be determined by the fact that the plaintiff, because a violator of the law in the operation of an unregistered automobile, was therefore in the words of the court an outlaw upon the highway, but we must also consider as to what after all caused the injury, outside of and irrespective of the fact that the automobile was on the highway without legal right. The violation of a statutory requirement is not sufficient to predicate negligence upon it. Egan v. Thomp-

son-Starrett Co., 209 N. Y. 110, 102 N. E. 536. In order to determine that question in this case we must recall the evidence.

[4] The motor vehicle of the plaintiff, unregistered on the highway within the limits of the city of Pittsfield, although in the outskirts of the city and in a rural district, was going westerly at about 12 or 15 miles an hour, carrying in addition to the chauffeur 20 passengers, and turned to the left of a vehicle going in the same direction in order to pass it. Just at the point where the motor vehicle was turning back to the right of the road, over the crest of a hill appeared a Simplex 70 horse power car, driven by a chauffeur who was unaccompanied, the emergency brake of which car had been broken, and was known by the chauffeur to have been broken and out of commission, and was tied up so that it could not be used, and had been tied up by the chauffeur, so that it could not be used. The Simplex car, coming down the incline at the rate of 50 or 60 miles an hour, going from side to side of the road, digging up the highway as it came along, crashed into the motor vehicle and practically destroyed it.

The chauffeur of the Simplex car upon the witness stand testified to the broken condition of the emergency brake and that the last he remembered was just after passing a certain house near the crest of the hill. From that moment he recalls nothing as to what happened. He was in the hospital for two months after the accident with a fractured skull, and it is to be presumed that because of the injury which he sustained we have the failure of his recollection.

These facts were presented to the jury. It was fairly a question for the jury to determine as to whether the movement of the Simplex car as it came over and down the hill at 50 or 60 miles an hour was a reckless and wanton act, as against which, even under the decisions of the court of Massachusetts when carefully read and fairly interpreted, the owner of the unregistered motor vehicle was to a degree protected. Such a conclusion would be in harmony with the holding of the courts of this state. Any other would be in violation of such holding.

We think that a fair interpretation of the Massachusetts decisions, which we must assume is controlling, is that an unregistered automobile is protected against reckless and wanton conduct, and in the case under consideration that whether there was such conduct in the operation of the Simplex car was a question for the jury. There is no question here involved as to exceptions taken to the charge or to the rulings or to the amount of the verdict, but we are simply considering, as has before been stated, whether under the decisions of the Massachusetts court this unregistered motor vehicle had any right as against any form of treatment or conduct, and it certainly seems as if justice required that, as against what might be found by the jury to be wantonness and recklessness, even this plaintiff as the owner of that car, at that place, trespasser as it was, is entitled to consideration.

[5] Recklessness, of course, is not ordinary negligence. It is an indifference whether wrong is done or not. It is an indifference to

the rights of others. It does not necessarily mean that the act is done intentionally or purposely. "Recklessly," when used conjunctively with "wantonly," always means more than negligence. It does not necessarily imply illegality; it means heedlessness, carelessness, rashness, or indifference to consequences.

[6] Wanton negligence is an act of one who, without having the intent to injure, is conscious from his knowledge of the existing circumstances and conditions that his conduct will naturally or probably result in injury. It must be assumed that the chauffeur running the Simplex car was competent; he no doubt was skillful, and if he was he certainly knew that his conduct in driving the machine down that incline at the rate of speed, as proven upon the trial, was in absolute reckless and wanton disregard of the rights of those legally or otherwise upon the highway.

All of these facts were submitted to the jury. All of these questions it must be assumed were considered by the jury, and the verdict of the jury must be found upon the testimony as it was, which testimony was, of such a character and of such strength, particularly with reference to the conduct of the driver of the Simplex car, that the jury would have a right to find that his conduct was reckless, wanton, and grossly negligent; and if it did so find, and if the verdict was based upon such finding, then the decisions of the courts of Massachusetts, to which our attention has been called, do not necessarily fail to protect the unregistered automobile upon the highway of Massachusetts.

That being our determination, the motions for the setting aside of the verdict and the dismissal of the complaint, upon the ground that the decisions of the courts of Massachusetts, received in evidence upon the trial, prevent the plaintiff from recovery, are denied.

Ordered accordingly.