RINANDO v. D. C. WEEKS & SON et al.

(Supreme Court, Appellate Division, First Department. April 14, 1916.)

1. MASTER AND SERVANT ⬳204(1)—INJURIES TO SERVANT—ASSUMPTION OF RISK.

Under the direct provision of Labor Law (Consol. Laws, c. 31) § 202, an employé no longer assumes the risk of injury from violation of a statutory law by the master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 544; Dec. Dig. ⬳204(1).]

2. MASTER AND SERVANT ⬳264(9)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Under the direct provision of Code Civ. Proc. § 841b, the burden of proving contributory negligence of a person killed is on defendant, while by Labor Law, § 202, contributory negligence is a jury question, subject to the usual powers of the court to set aside a verdict rendered contrary to the evidence, and hence, in an action for the death of a servant, his contributory, negligence must be pleaded as a defense to be relied on, and is a question for the jury, on which the master has the burden of proof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 869; Dec. Dig. ⬳264(9).]

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. MASTER AND SERVANT ⬯285(5)—INJURIES TO SERVANT—ACTIONS—JURY QUESTION.

Whether the failure of a master to guard an elevator shaft as required by statute was the proximate cause of the death of a servant, struck by a descending car and killed, held, under the evidence, for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1016; Dec. Dig. ⬯285(5).]

4. MASTER AND SERVANT ⬯264(10)—INJURIES TO SERVANT—PROOF—VARIANCE.

The complaint in an action for the death of a servant, killed by a car in an open elevator shaft, alleged that he tripped or otherwise became overbalanced, so that his body projected into the shaft and was struck, while the evidence showed that he leaned over to look down the shaft, which was not guarded, and was struck. Held, that the variance was immaterial.

[Ed. Note.—For other cases, see. Master and Servant, Cent. Dig. § 870; Dec. Dig. ⬯264(10).]

5. NEGLIGENCE ⬯55—PERSONS LIABLE—DUTY OF CARE.

One who leased a hoist or elevatol to a general contractor erecting a building is under no duty to servants of a subcontractor or general contractor to guard the hoist.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 68; Dec. Dig. ⬯55.]

6. MASTER AND SERVANT ⬯121(7)—INJURIES TO SERVANT—DUTY TO GUARD.

It is the duty both of the general contractor and of the subcontractor for whom a servant worked to guard an elevator shaft or hoist in accordance with the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 230; Dec. Dig. ⬯121(7).]

Appeal from Trial Term, New York County.

Action by Carmela Rinando, as administratrix, etc., against D. C. Weeks & Son and others. From a judgment dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed and remanded as to defendants other than the Pelham Operating Company, and affirmed as to it.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, PAGE, and DAVIS, JJ.

M. L. Malevinsky, of New York City (Raymond C. Thompson, of New York City, on the brief), for appellant.

James B. Henney, of New York City, for respondent Arthur Greenfield, Inc.

E. Clyde Sherwood, of New York City, for respondents D. C. Weeks & Son.

T. W. Foster, of New York City, for respondent Pelham Operating Co.

LAUGHLIN, J. On the 3d day of June, 1912, the decedent, while in the employ of defendant Arthur Greenfield, Incorporated, which was a subcontractor for the concrete work on a building which was being erected at No. 18 Walker street, borough of Manhattan, New York, by the defendants D. C. Weeks & Son as the general contractors, and while leaning over a hoist elevator shaft, was struck by a descend-

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing elevator. He died from the injuries thus received, and this is a statutory action to recover damages therefor. The action is predicated on negligence in failing to guard the opening on the floor of the building as required by section 20 of the Labor Law, which provides that where an elevator, or elevating machinery, or hod-hoisting apparatus, is used in a building in course of construction for the purpose of elevating materials to be used in such construction, "the contractors or owners shall cause the shafts or openings in each floor to be inclosed or fenced in on all sides, by a barrier at least eight feet in height except on two sides, which may be used for taking off and putting on materials, and those sides shall be guarded by an adjustable barrier not less than three nor more than four feet from the floor, and not less than two feet from the edge of such shaft or opening." The violation of the statute was charged generally in the complaint; but in the bill of particulars it was specifically charged that the defendants failed to inclose the shaft on the fourth floor by a barrier eight feet in height, excepting on two sides, used for taking off and putting on materials to be used in the construction, and failed to guard those two sides with an adjustable barrier not less than three nor more than four feet from the floor, and not less than two feet from the edge of the shaft.

The decedent had been working on the building only a day and half or two days. He had been using a hammer in removing frames which supported the concrete around the columns on the fourth floor; and while passing the side of the shaft, in the performance of his duties, he dropped his hammer, and it fell down the shaft. He leaned forward over a barrier at the side of the shaft and was looking down, evidently to see where the hammer landed, when he was struck by the elevator.

[1, 2] The rule no longer obtains that it may be held as matter of law that an employé assumes the risk of injury from a violation of statutory law by his employer (section 202, Labor Law; Fitzwater v. Warren, 206 N. Y. 357, 99 N. E. 1042, 42 L. R. A. [N. S.] 1229); and in such case contributory negligence is now a defense, not only to be pleaded, but upon which the defendant has the burden of proof, and in this case that was a question of fact for the consideration of the jury (Smith v. Railway, 177 N. Y. 228, 69 N. E. 427; Fitzwater v. Warren, supra; Sackheim v. Pigueron, 215 N. Y. 62, 109 N. E. 109; McDermott v. Straus, 123 App. Div. 303, 108 N. Y. Supp. 5, affirmed 195 N. Y. 519, 88 N. E. 1124; section 841b, Code of Civil Procedure; Maloney v. Cunard Steamship Co. (Court of Appeals) 111 N. E. 835; Gazzola v. O'Brien, 169 App. Div. 603, 155 N. Y. Supp. 350). The evidence with respect to the erection of barriers about the opening was quite conflicting. The testimony of one witness called by the plaintiff, who was in charge for the Greenfield Company of the subcontract work, and was in its employ at the time of the trial, tended to show that barriers in full compliance with the statute were erected, and that on the side on which the decedent met with the accident there was an adjustable barrier about 3½ feet above the floor and more than the distance required by the statute from the shaft. The testi-

mony of two other witnesses called by the plaintiff, however, tends to show that this barrier was within 2 feet of the shaft. One of them says that it was only about 4 inches from the shaft, and the other that it was only 12 or 15 inches therefrom. There was, therefore, on this evidence, a question of fact as to whether the statute had been complied with.

[3] It is contended by counsel for the respondents that, if there was a failure to erect barriers as required by the statute, that was not the proximate cause of the accident. We are of opinion that it cannot be said as matter of law that the failure to place the barrier 2 feet or more from the shaft was not a contributing cause to the accident. One of the witnesses indicated the manner in which the decedent leaned over the shaft, but the record does not disclose the extent to which his body projected beyond the barrier. The work the decedent was required to perform was about the floor but not within the inclosure formed by the barriers, if erected as required by the statute, and it would not have required the removal of the barriers, had they been so erected. These facts distinguish Egan v. Thompson-Starrett Co., 209 N. Y. 110, 102 N. E. 536, Sabatino v. Roebling Const. Co., 136 App. Div. 217, 120 N. Y. Supp. 956, and Fairweather v. Sutphen, 167 App. Div. 349, 153 N. Y. Supp. 49, upon which the respondents rely. The respondents also cite, in support of their contention that the failure to erect the barriers was not the proximate cause of the accident, Hurley v. Atl. Gulf & Pac. Co., 138 App. Div. 642, 122 N. Y. Supp. 701; but the burden of proof on the question of contributory negligence has been changed since that decision was made, and there the employer's failure to guard the machinery was known to the decedent, while here it does not appear that the decedent knew, or was chargeable with knowledge, that the barrier had not been placed the statutory distance from the shaft, and with that knowledge, and with full knowledge of the danger incident to starting the machinery, the decedent in the Hurley Case placed himself in a position of danger. The Fairweather Case did not involve the violation of a duty imposed by statute.

[4] It is further contended by counsel for the respondents that the the judgment should be sustained on the ground of a variance between the complaint and the proof. It was alleged in the complaint, and stated in the bill of particulars, that the decedent "tripped, slipped, or became otherwise overbalanced, and by reason of such tripping, slipping, or overbalancing," and through the fault and negligence of the defendants, their agents, servants, and employés, his head was caused to protrude into the elevator shaft. The evidence does not show that the decedent tripped, slipped, or otherwise lost his balance, but merely indicates that he was leaning over the barrier. That we regard as an immaterial variance.

[5] The Pelham Operating Company erected and operated the hoist under a contract with the general contractor. It was not a contractor for the erection of any part of the building, but merely a lessor of the hoist. We think it owed no statutory duty to decedent to guard the shaft, and it has been so held by this court in the Second Department

on like facts. Anderson v. Pelham Operating Co., 129 App. Div. 639, 113 N. Y. Supp. 989.

[6] It is perfectly clear that the statute imposed the duty of guarding the shaft on the general contractors who constructed it. It is not claimed in behalf of the employer of decedent that the duty did not devolve upon it as well, and considering that such legislation should be construed liberally to accomplish the end which the Legislature had in mind, we think it did devolve such duty upon an employer, at least, using the hoist for the purpose of elevating material in the performance of his subcontract work. See Bohnhoff v. Fischer, 210 N. Y. 172, 104 N. E. 130.

It follows, therefore, that the judgment should be affirmed, with costs to the Pelham Operating Company, but reversed, and a new trial granted, with costs to appellant to abide the event, as to the other defendants. Orders filed. All concur.