J. FRED WILLIAMS, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY and Another, Appellants.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event upon the ground that the verdict was against the weight of the evidence on the question of negligence. All concur, except Taylor, J., who dissents and votes for affirmance in a memorandum. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Crosby, JJ.

TAYLOR, J. (dissenting). I am unable to concur in this judgment of reversal This is not a " negligence action." It is an action to recover damages from defendant for wantonly and willfully causing the death of one of plaintiff's horses and seriously injuring another one. Only two disinterested witnesses (Braverman and Bush) testified that the horses were hit by the train before it stopped at the Mill street crossing; and two disinterested witnesses (John E. Mullen and Edward Mullen) testified for plaintiff that the train had stopped before the horses were in a position of danger. The jury had fair warrant for finding (1) that the train had stopped before the injuries were caused; (2) that defendant's brakeman, Galvin, was advised, before the train started again, that the horses were in danger of immediate serious injury if the train should be started; (3) that Galvin, by moving a lever on the side of the train, could have prevented the car which injured the horses from starting, and was requested so to do; (4) that Galvin could have done this, as he himself admits, without any danger to himself, and (5) that to avoid an accident it was not necessary for him to wait for any orders or signals. Concededly the horses were trespassers, and defendant could be held responsible only for conduct through its employee-representative showing a wanton, willful disregard for the safety of the animals. Willful or wanton disregard is an intentional failure to perform a manifest duty. (*Holwerson* v. *St. Louis R. Co.*, 157 Mo. 216.) " Wantonness " includes the element of heedless or reckless disregard of conse-

quences as affecting the life or safety or property of another (*Hazle* v. *Southern Pac. Co.*, 173 Fed. 431); an indifference as to whether injury is inflicted. (*Freeman* v. *United Fruit Co.*, 223 Mass. 300.) And an act or omission may be willful and wanton, although there is no actual intent to inflict any injury. (*Williams* v. *Kaplan*, 242 Ill. App. 166.) (See, also, *Westerberg* v. *Motor Truck Serv. Co.*, 158 Minn. 202.) Assuming that the train had come to a stop — as the jury found — before the damage was caused, and it satisfactorily appearing that the railroad employee, after having been advised of the danger, was in a position to prevent any of the cars from running upon the horses, a doctrine akin to the last-clear-chance doctrine applies. (*Bragg* v. *Central N. E. Ry. Co.*, 228 N. Y. 54; *Bisogno* v. *New York Rys. Co.*, 194 App. Div. 316; appeals dismissed, 233 N. Y. 629.) It applies to animals as well as to persons. (*Munger* v. *Tonawanda R. R. Co.*, 4 N. Y. 349.) Wanton culpability in the brakeman was proved because it was fairly shown that, although he may not have had an intent to cause injury, still, from his knowledge of the existing circumstances and conditions, he must have been conscious that his conduct — his nonfeasance — would naturally or probably result in injury. (*United Transportation Co.* v. *Hass*, 91 Misc. 311; affd., 171 App. Div. 971; affd., 222 N. Y. 623; 2 Cooley Torts [3d ed.], *792.) The verdict was not contrary to the weight of the evidence, and the judgment and order should be affirmed, with costs.